Present:  Chief Judge Decker, Judges Humphreys, Beales, Huff, O'Brien, Russell, AtLee,
          Malveaux, Athey, Fulton, Ortiz, Causey, Friedman, Chaney, Raphael, Lorish and Callins
Argued at Richmond, Virginia

**PUBLISHED**

CLIFTON THOMAS JACKS

                                                              OPINION BY
v.     Record No. 0833-20-3                          JUDGE GLEN A. HUFF
                                                              MAY 17, 2022
COMMONWEALTH OF VIRGINIA


UPON A REHEARING EN BANC

FROM THE CIRCUIT COURT OF ROCKBRIDGE COUNTY
Paul A. Dryer, Judge

Jonathan B. Tarris (Tarris Law, PLC, on briefs), for appellant.

Matthew P. Dullaghan, Senior Assistant Attorney General (Mark R.
Herring,[1] Attorney General, on brief), for appellee.


The Rockbridge County Circuit Court (the "circuit court") denied Clifton Thomas Jacks's

appeal from a conviction he sustained in the Rockbridge County General District Court (the

"general district court").  Jacks then appealed that decision to this Court, and a divided panel

affirmed.  *Jacks v. Commonwealth*, 73 Va. App. 473 (2021).  On Jacks's motion, this Court

stayed the mandate from the panel decision, 73 Va. App. 499 (2021), and heard argument *en*

*banc*.  Finding error in the circuit court's ruling, this Court reverses the circuit court's dismissal

of Jacks's appeal and remands the case to the circuit court.

---

[1] Jason S. Miyares succeeded Mark R. Herring as Attorney General on January 15, 2022.

# I. BACKGROUND

On March 16, 2020, Jacks was convicted in the general district court for driving while intoxicated. He filed a notice of appeal from that conviction to the circuit court on June 3, 2020. By order entered on June 16, 2020, the circuit court denied Jacks's appeal as untimely under Code § 16.1-132's ten-day deadline for appeals from convictions in general district courts.[2]

Jacks appealed to this Court and argued the circuit court's denial order was erroneous because Code § 16.1-132's filing deadline was tolled by emergency orders from the Virginia Supreme Court when he noted his appeal.[3] The Commonwealth did not dispute the merits of Jacks's argument at the panel stage but instead argued, among other things, that Jacks did not preserve the argument in the circuit court and therefore waived it under Rule 5A:18. Jacks countered the Commonwealth's assertion at oral argument, contending (1) he did not waive his argument because he let the circuit court know what action he wanted it to take (i.e., granting an appeal) and (2) even if he failed to present his argument in the circuit court, that failure was excused by Code § 8.01-384(A).

A divided panel of this Court affirmed the circuit court's decision. The panel majority agreed with the Commonwealth that Jacks's assignment of error was waived under Rule 5A:18. *Jacks*, 73 Va. App. at 476-78. In addressing Jacks's argument to the contrary, the panel majority provided the following:

> To meet the Commonwealth's arguments that the issue raised on appeal was procedurally defaulted, at oral argument [Jacks] asserted for the first time that this Court should apply Code § 8.01-384(A), which contains an exception to the contemporaneous objection requirement. However, an argument presented for the first time at oral argument will not be considered

---

[2] Code § 16.1-132 provides, in part, that "[a]ny person convicted in a district court of an offense not felonious shall have the right, at any time within ten days from such conviction . . . to appeal to the circuit court."

[3] Those tolling orders are described in detail later. *Infra* pp. 4-5.

> by this Court. Further, [Jacks] did not invoke an exception to Rule 5A:18 in his opening brief, precluding this Court's consideration of the issue raised on appeal.

*Id.* at 479 (citations, internal quotation marks, and footnotes omitted). The panel majority then provided its own analysis of Code § 8.01-384(A)'s exception to the contemporaneous objection rule and concluded it "d[id] not find that [the statute] is applicable under the circumstances of this case." *Id.* at 480-86. The panel dissent disagreed with both the majority's and the Commonwealth's procedural arguments and would have reversed the circuit court's denial of Jacks's appeal and remanded for further proceedings. *Id.* at 486-98 (Huff, J., dissenting).

Jacks petitioned for rehearing *en banc* and asked this Court to consider the merits of his assignment of error and to reverse the circuit court's denial of his appeal to the circuit court. This Court granted Jacks's petition on September 21, 2021.

## II. STANDARD OF REVIEW

The merits of Jacks's assignment of error require this Court to interpret statutes governing criminal procedure and emergency orders from the Virginia Supreme Court. They therefore present questions of law that this Court reviews *de novo*. *See Alcoy v. Valley Nursing Homes, Inc.*, 272 Va. 37, 41 (2006). The procedural issues raised in this appeal require this Court to interpret statutory provisions and the Rules of Court, as well as case law interpreting each, so they too present questions of law that this Court reviews *de novo*. *See Brown v. Commonwealth*, 279 Va. 210, 217 (2010).

## III. ANALYSIS

There are two issues presented in this *en banc* proceeding: (1) whether any procedural default rules prevent this Court from considering the merits of the case and (2) assuming this Court can consider the merits, whether the circuit court rightly denied Jacks's appeal from the

general district court.  This Court begins with the merits to provide necessary context for the procedural issues.

A.

The circuit court, *sua sponte*, denied Jacks's appeal from his general district court conviction because he noted his appeal outside Code § 16.1-132's ordinary ten-day window.  But as Jacks points out, the circuit court failed to consider the tolling effect of the Virginia Supreme Court's emergency orders.

Code § 17.1-330(D) grants the Virginia Supreme Court authority to declare a judicial emergency, allowing the Court to "suspend, toll, extend, or otherwise grant relief from deadlines, time schedules, or filing requirements imposed by otherwise applicable statutes, rules, or court orders in any court processes and proceedings, including all appellate court time limitations." On March 16, 2020, the Virginia Supreme Court did just that when it issued a Declaration of Judicial Emergency, stating:  "[I]t is hereby ORDERED that NON-ESSENTIAL, NON-EMERGENCY court proceedings in all circuit and district courts be and hereby are SUSPENDED and all deadlines are hereby tolled and extended, pursuant to Code § 17.1-330(D)." March 16, 2020, Order Declaring a Judicial Emergency in Response to COVID-19 Emergency.

On March 27, 2020, the Supreme Court entered a second emergency order that extended the first order's tolling provisions on filing deadlines.  March 27, 2020, Order Extending Declaration of Judicial Emergency in Response to COVID-19 Emergency.  It did the same on April 22, 2020, in its third emergency order, except it used the phrase "case related deadlines" instead of just "deadlines."  April 22, 2020, Third Order Extending Declaration of Judicial Emergency in Response to COVID-19 Emergency.

On May 6, 2020, the Supreme Court entered a fourth order extending the tolling provisions of its prior orders:

> As provided in the First, Second, Third and Clarification Orders, for all cases in district and circuit courts the statutes of limitation and *all other case-related deadlines*, excluding discovery deadlines, *shall continue to be tolled* during the ongoing Period of Judicial Emergency (now *March 16, 2020, through June 7, 2020*) pursuant to Va. Code § 17.1-330.

May 6, 2020, Fourth Order Modifying and Extending Declaration of Judicial Emergency in Response to COVID-19 Emergency (emphasis added).

This Court's interpretation of these orders and their application to this case is straightforward: when the Virginia Supreme Court said "all case-related deadlines" except discovery deadlines, it meant "all case-related deadlines" except discovery deadlines. Put simply, the prosecution of Jacks for driving under the influence was a "case," and Code § 16.1-132's ten-day appeal window was a "deadline" that "related" to the case because it restricted how long Jacks (ordinarily) would have had to note his appeal from his general district court conviction. Jacks was convicted in the general district court on March 16, 2020 (when the first emergency order was issued) and noted his appeal on June 3, 2020 (while the fourth emergency order's tolling provisions were still operative). So, Code § 16.1-132's ten-day deadline was tolled from the day of Jacks's conviction through the time he noted his appeal, which means his appeal was timely and should not have been denied by the circuit court.[4]

---

[4] The Commonwealth did not dispute the merits at the panel stage. But in its arguments before this Court *en banc*, the Commonwealth for the first time argued that the shift in the language of the emergency orders from "all deadlines" to "all case-related deadlines" evinced an intent to exclude appeal-related deadlines from the Supreme Court's tolling mandates. There are two problems with that reasoning. First, even assuming the Supreme Court meant something different when it said "case-related" deadlines instead of just "deadlines," it would not matter because Code § 16.1-132's ten-day appeal window is still a "case-related" deadline, as just explained. Second, it appears that when the Supreme Court used the words "case-related" in the third and fourth orders, it did not do so to limit what deadlines were tolled, but rather to simply

B.

But the merits of Jacks's assignment of error have never been the main point of contention in this appeal. Instead, the Commonwealth focused its efforts in briefing and oral argument asserting that Jacks's assignment of error is waived—and that is where the panel split. The Commonwealth's procedural arguments are three-fold: (1) Jacks failed to comply with Rule 5A:12(c)(1) and Rule 5A:20(c)'s requirement that the opening brief reference the page(s) in the record where the assignment of error was preserved; (2) he failed to comply with Rule 5A:8's requirement that he include a transcript or written statement of facts in the record and thus did not "provide a sufficient record" for this Court to resolve this appeal; and (3) he did not present the argument to the circuit court that he now makes on appeal, which bars his assignment of error under Rule 5A:18.

Although the Commonwealth separates its arguments related to Rules 5A:12, 5A:20, and 5A:18, each argument works together to make a single comprehensive argument: because the circuit court was never presented with the argument that Code § 16.1-132's ten-day deadline was tolled by the Virginia Supreme Court's emergency orders, Jacks did not preserve that argument for appeal and consequently cannot reference any point in the record where he did so. Jacks counters that argument by asserting, among other things, that Code § 8.01-384(A)'s exception to the contemporaneous objection standard applies here and excuses the fact that he did not make the tolling argument to the circuit court.

_clarify_ what deadlines had been tolled all along. *See* April 22, 2020, Third Order Extending Declaration of Judicial Emergency in Response to COVID-19 Emergency ("*As recognized in the First and Second Orders* . . . case related deadlines are tolled." (emphasis added)); May 6, 2020, Fourth Order Modifying and Extending Declaration of Judicial Emergency in Response to COVID-19 Emergency ("*As provided in the First, Second, Third and Clarification Orders* . . . case-related deadlines . . . shall continue to be tolled." (emphasis added)).

This Court agrees with Jacks that Code § 8.01-384(A) applies here and allows it to consider the merits of his appeal. And because the Commonwealth's argument on Rule 5A:8 is without merit, this Court determines that rule does not prevent consideration of the merits either.

*Code § 8.01-384(A)*

While litigants generally must object to a circuit court's ruling at the time the ruling is made in order to preserve an issue for appeal, Code § 8.01-384(A) creates an exception to the rule. It provides that "if a party *has no opportunity to object* to a ruling or order *at the time it is made*, the absence of an objection shall not thereafter prejudice him . . . *on appeal*." Code § 8.01-384(A) (emphasis added). Plainly, this provision "requires appellate courts to consider issues on appeal that do not satisfy the contemporaneous objection requirement when the litigant had no opportunity to make the requisite timely objection." *Maxwell v. Commonwealth*, 287 Va. 258, 265 (2014).

Jacks had no opportunity to object to the circuit court's ruling at the time it was made. Because the circuit court mistakenly believed Jacks's appeal was untimely, it denied the appeal *sua sponte*, without a hearing, and outside the presence of Jacks or his counsel. *Id.* at 264-67 (holding that a litigant had no opportunity to contemporaneously object to trial court's ruling where trial court ruled outside the presence of the litigant and his counsel). In that way, Jacks lacked an opportunity to make a contemporaneous objection not through any fault of his own, but rather because the circuit court misunderstood the relevant procedural law when Jacks noted his appeal. *See Commonwealth v. Amos*, 287 Va. 301, 306-08 (2014) (clarifying Code § 8.01-384(A)'s exception applies when litigant's lack of opportunity to make contemporaneous objection is not attributable to litigant's own fault).

To combat this conclusion, the Commonwealth argues that even if Jacks did not have an opportunity to challenge the circuit court's denial order at the time it was issued, Code

§ 8.01-384(A) did not relieve Jacks of the obligation to bring the tolling issue to the circuit court's attention while the court had active jurisdiction over the case (whether through a motion to reconsider or some other measure). But the Supreme Court has already squarely rejected that interpretation of Code § 8.01-384(A):

> The plain language of the contemporaneous objection exception in Code § 8.01-384(A) states that when the litigant . . . is prevented from making a contemporaneous objection to the court's ruling or order, the failure to object "*shall not thereafter prejudice*" the litigant on appeal. . . . This language is clear and unqualified. The statute *imposes no requirement* that when the contemporaneous objection exception applies, a party, if able, must file a post-conviction objection *or otherwise bring the objection to the court's attention at a later point in the proceedings* . . . . To [hold otherwise] would require us to add language to the statute. This Court may not construe the plain language of a statute in a manner that amounts to holding that the General Assembly meant to add a requirement to the statute that it did not actually express.

*Amos*, 287 Va. at 306-07 (second and third emphases added) (citation and internal quotation marks omitted). So, even though a party who was denied the opportunity to make a contemporaneous objection "may be able to and may choose to file a motion to reconsider [and] may even be wise to do so[, s]uch a step . . . is not required under Code § 8.01-384(A) in order to preserve an issue for appellate review."[5] *Id.* at 307.

*Rule 5A:20(e)*

The Commonwealth offers another reason for rejecting Jacks's reliance on Code § 8.01-384(A). Citing Rule 5A:20(e), the Commonwealth takes issue with the fact that Jacks did not raise Code § 8.01-384(A) in his opening brief at the panel stage and instead did not bring it

---

[5] To remove any doubt that *Amos* is categorical on this point, one need only look to the fact that the dissent in that case unsuccessfully argued for the approach to Code § 8.01-384(A) that the Commonwealth adopts here. 287 Va. at 309 (McClanahan, J., dissenting) (contending Code § 8.01-384(A) does not relieve a party of an "obligation to later state his objection if the trial court can still take corrective action").

up until oral argument. That delay, in the Commonwealth's view, prevented the panel from considering the merits of Jacks's appeal and has the same effect *en banc*.

Even assuming the Commonwealth is right that Rule 5A:20(e) required Jacks to raise Code § 8.01-384(A) in his opening brief at the panel stage, any conceivable purpose behind Rule 5A:20(e) has been satisfied by now. When this Court granted Jacks's petition for rehearing *en banc*, it ordered consideration of all the issues raised in the petition, including whether Code § 8.01-384(A) applies here. That order, along with Jacks's briefing of Code § 8.01-384(A) in his opening brief *en banc*, gave this Court and the Commonwealth ample notice and opportunity to flesh out the right way to view the statutory exception. So at this point, Jacks's assumed failure to abide by Rule 5A:20(e) at the panel stage is a moot issue—and neither this Court nor the Commonwealth has become a "depository in which [Jacks] . . . dump[ed] the burden of argument and research." *See Bartley v. Commonwealth*, 67 Va. App. 740, 744 (2017) (citation omitted). Accordingly, this Court concludes Rule 5A:20(e) does not prevent it from ruling on the merits of Jacks's appeal.

*Rule 5A:8*

In a final attempt to convince this Court that Jacks's assignment of error is waived, the Commonwealth avers Jacks has not provided a sufficient record for this Court to resolve this appeal because he did not include a transcript or written statement of facts in lieu of a transcript in the joint appendix. Because he did not, the Commonwealth continues, this Court has no way to know if Jacks actually lacked an opportunity to contemporaneously object to the circuit court's denial order at the time it was issued.

That argument is without merit. An appeal to a circuit court (a court of record) from a general district court (not a court of record) is considered *de novo*. *See Robinson Family, LLC v. Allen*, 295 Va. 130, 143-44 (2018); *see also Commonwealth v. Diaz*, 266 Va. 260, 266 (2003)

- 9 -

(noting circuit courts "disregard[] the judgment[s]" of general district courts and consider the case as if it "had not proceeded to judgment in the district court"). The entire basis of Jacks's appeal is that he never had the opportunity to be heard by a court of record in the first place. In other words, he takes issue with the fact that there *was no proceeding in the circuit court*, which means there is no transcript or written statement of facts to present to this Court.

Rule 5A:8 contains an important qualification that accounts for scenarios like this one. In the "Effect of Non-compliance" section of the rule, it clarifies that a failure to include a transcript or written statement of facts in lieu of a transcript will result in a waiver only when the inclusion of one of those items is "necessary to permit resolution of appellate issues." Rule 5A:8(b)(4)(ii). And here, neither a transcript nor a written statement of facts in lieu of a transcript[6] are necessary (or even available) to resolve Jacks's assignment of error.[7] So, this Court declines to find Jacks's assignment of error waived under Rule 5A:8.

## IV. CONCLUSION

Jacks was wrongfully denied the opportunity to have his appeal considered by the circuit court, and no procedural default rule prevents this Court from reaching that conclusion. Accordingly, this Court reverses the circuit court's judgment and remands for further proceedings consistent with this opinion.

*Reversed and remanded.*

---

[6] At oral argument, the Commonwealth argued that even assuming there is no transcript, that still would not excuse Jacks from failing to include a written statement of facts in lieu of a transcript. But a written statement of facts in lieu of a transcript is just what it says it is, a document designed to *replace* a transcript; and the need for a written statement arises only when a transcript would otherwise be necessary to allow consideration of the merits.

[7] Indeed, neither the circuit court's denial order nor anything else included in the joint appendix so much as hinted at the fact that a hearing on Jacks's notice of appeal took place.

PUBLISHED

## *VIRGINIA:*

*In the Court of Appeals of Virginia on* **Tuesday** *the* **21st** *day of* **September, 2021**.

Clifton Thomas Jacks,                                                                                       Appellant,

against          Record No. 0833-20-3
                 Circuit Court No. CR20000285-00

Commonwealth of Virginia,                                                                      Appellee.

Upon a Petition for Rehearing En Banc

Before Chief Judge Decker, Judges Humphreys, Petty, Beales, Huff, O'Brien, Russell, AtLee, Malveaux, Athey, Fulton, Ortiz, Causey, Friedman, Chaney, Raphael and Lorish

On September 7, 2021 came the appellant, by counsel, and filed a petition requesting that the Court set aside the judgment rendered herein on August 24, 2021, and grant a rehearing *en banc* on the issue(s) raised in the petition.

On consideration whereof and pursuant to Rule 5A:35 of the Rules of the Supreme Court of Virginia, the petition for rehearing *en banc* is granted and the appeal of those issues is reinstated on the docket of this Court. The mandate previously entered herein is stayed pending the decision of the Court *en banc*.

The parties shall file briefs in compliance with the schedule set forth in Rule 5A:35(b). The appellant shall attach as an addendum to the opening brief upon rehearing *en banc* a copy of the opinion previously rendered by the Court in this matter. An electronic version of each brief shall be filed with the Court and served on opposing counsel. It is further ordered that the appellant shall file an electronic version of the appendix previously filed in this case.[1]

A Copy,

Teste:

A. John Vollino, Clerk

By:     *original order signed by a deputy clerk of the*
        *Court of Appeals of Virginia at the direction*
        *of the Court*
                 Deputy Clerk

---

[1] The guidelines for filing electronic briefs and appendices can be found at www.courts.state.va.us/online/vaces/resources/guidelines.pdf.

Present:  Judges Huff, Malveaux and Senior Judge Annunziata
Argued by videoconference

CLIFTON THOMAS JACKS

v.      Record No. 0833-20-3

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE ROSEMARIE ANNUNZIATA
AUGUST 24, 2021

FROM THE CIRCUIT COURT OF ROCKBRIDGE COUNTY
Paul A. Dryer, Judge

Jonathan B. Tarris (Tarris Law, PLC, on brief), for appellant.

Matthew P. Dullaghan, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Clifton Thomas Jacks (appellant) appeals from a decision of the Circuit Court of

Rockbridge County (circuit court) denying the appeal of his conviction for driving under the

influence of alcohol (DUI).  Appellant contends that the circuit court erred in finding that he did

not timely file his notice of appeal of his misdemeanor conviction of DUI in the General District

Court for Lexington/Rockbridge County.  He argues that, although the notice of appeal was not

filed within ten days of the conviction as required by Code § 16.1-132, emergency orders entered

by the Supreme Court of Virginia pertaining to the COVID-19 pandemic effectively tolled the

filing requirement of Code § 16.1-132.[1]  The Commonwealth asserts, among other things, that

appellant waived this argument by failing to raise this issue in the circuit court and obtain a

_____

[1] Under Code § 16.1-132, "[a]ny person convicted in a district court of an offense not
felonious shall have the right, at any time within ten days from such conviction, and whether or
not such conviction was upon a plea of guilty, to appeal to the circuit court."

ruling thereon, as required by Rule 5A:18. We agree with the Commonwealth and affirm the circuit court's decision.

BACKGROUND

On March 16, 2020, appellant was convicted for DUI in the general district court. Both appellant and his attorney were present at trial. The general district court sentenced appellant to sixty days in jail, a fine of $500, and twelve months of probation. The general district court suspended all the jail time and $250 of the fine. Appellant also was referred to the local alcohol safety action program.

On the same day as appellant's conviction, the Supreme Court of Virginia declared a Judicial Emergency in Response to the COVID-19 Emergency and suspended all non-essential court proceedings; the Court's order, entered pursuant to the authority of Code § 17.1-330, expressly "tolled and extended" all "deadlines." See March 16, 2020, Order Declaring a Judicial Emergency in Response to COVID-19 Emergency. The Court later extended its emergency declaration to "all applicable deadlines, time schedules, and filing requirements," and declared that "case-related deadlines [we]re tolled." See March 27 and April 22, 2020, Orders Extending Declaration of Judicial Emergency. The tolling of "case-related deadlines" was extended by further orders through July 19, 2020. See May 6, June 1, and June 22, 2020, Orders Modifying and Extending Declaration of Judicial Emergency in Response to COVID-19 Emergency. By order of July 8, 2020, the Court declared that beginning on July 20, 2020, there would be "no further tolling of case-related deadlines." See July 8, 2020, Order Extending Judicial Emergency in Response to COVID-19 Emergency.

On June 3, 2020, appellant filed a notice of appeal of his March 16, 2020 DUI conviction from the general district court to the circuit court. The general district court documents were filed in the circuit court on June 10, 2020. The circuit court entered an order on June 16, 2020,

- 2 -

denying the appeal and remanding the matter to the general district court. The circuit court reasoned that the notice of appeal was filed "outside the 10 day period prescribed in [Code § ] 16.1-132[.]" Following the circuit court's ruling, appellant did not assert that the decision was erroneous for any reason, object to the ruling, or request the circuit court to reconsider its ruling. Appellant timely noted an appeal of this ruling to this Court.

DISCUSSION

Appellant argues that the circuit court's ruling was erroneous considering the Virginia Supreme Court's emergency orders tolling "all case-related deadlines" until July 19, 2020. He maintains that the orders effectively extended the requirement in Code § 16.1-132 that he note his appeal from the general district court within ten days of his conviction. The Commonwealth asserts that appellant waived the argument he advances on appeal because he did not object to the circuit court's ruling in the court below. We agree.

Under Rule 5A:18, "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." "The purpose of this contemporaneous objection requirement is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." Creamer v. Commonwealth, 64 Va. App. 185, 195 (2015). To satisfy Rule 5A:18, an objection must "be made . . . at a point in the proceeding when the trial court is in a position, not only to consider the asserted error, but also to rectify the effect of the asserted error." Maxwell v. Commonwealth, 287 Va. 258, 265 (2014) (quoting Scialdone v. Commonwealth, 279 Va. 422, 437 (2010)).

> Specificity and timeliness undergird the
> contemporaneous-objection rule, animate its highly practical
> purpose, and allow the rule to resonate with simplicity: "Not just
> any objection will do. It must be both *specific and timely* — so
> that the trial judge would know the particular point being made in
> time to do something about it."

Bethea v. Commonwealth, 297 Va. 730, 743 (2019) (quoting Dickerson v. Commonwealth, 58 Va. App. 351, 356 (2011)). If a party fails to timely and specifically object, he waives his argument on appeal. Arrington v. Commonwealth, 53 Va. App. 635, 641 (2009).

To meet the Commonwealth's arguments that the issue raised on appeal was procedurally defaulted, at oral argument appellant asserted for the first time that this Court should apply Code § 8.01-384(A), which "contains an exception to the contemporaneous objection requirement." Commonwealth v. Amos, 287 Va. 301, 306 (2014). However, an argument presented for the first time at oral argument will not be considered by this Court. Stokes v. Commonwealth, 61 Va. App. 388, 397 (2013) (citing Va. Dep't of State Police v. Barton, 39 Va. App. 439, 447 (2002)).[2] Further, appellant did not invoke an exception to Rule 5A:18 in his opening brief, precluding this Court's consideration of the issue raised on appeal. See id.[3] In short, we agree with the Commonwealth that appellant failed to preserve the issue for appellate review by making a specific and timely objection, as required by Rule 5A:18.[4]

---

[2] Under Rule 5A:20(e), this Court "is entitled to have the issues clearly defined and to be cited pertinent authority" in appellant's brief, and unsupported assertions of a litigant that do not meet this requirement need not be considered. Bartley v. Commonwealth, 67 Va. App. 740, 744 (2017) (quoting Jones v. Commonwealth, 51 Va. App. 730, 734 (2008)).

[3] On brief, appellant did not assert that either the good cause or ends of justice exception to Rule 5A:18 was applicable in this case, and this Court will not apply these exceptions *sua sponte*. Edwards v. Commonwealth, 41 Va. App. 752, 761 (2003) (*en banc*). "Rule 5A:20(e) requires that when an issue has not been preserved for appellate review, the opening brief shall state why the good cause and/or ends of justice exceptions to Rule 5A:18 are applicable." Stokes, 61 Va. App. at 397.

[4] The Commonwealth also contends that appellant's brief does not comply with Rule 5A:20 and that he did not ensure that the appellate record was adequate for consideration of the issue on appeal. However, in light of our decision that the issue is waived by failure to comply with Rule 5A:18, we need not consider these contentions. See Commonwealth v. White, 293 Va. 411, 419 (2017) (recognizing that "judicial restraint dictates that we decide cases on the best and narrowest grounds available" (quoting Commonwealth v. Swann, 290 Va. 194, 196 (2015))).

Nonetheless, we consider whether the dissent has properly applied the terms of Code § 8.01-384(A) in determining that appellant was excused from the contemporaneous objection requirement, a review that implicates the use and the purpose served by the contemporaneous objection rule under Virginia law, as well as the exceptions to the rule. Code § 8.01-384(A) provides:

> [f]ormal exceptions to rulings or orders of the court shall be unnecessary; but for all purposes for which an exception has heretofore been necessary, it shall be sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objections to the action of the court and his grounds therefor; and, *if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection shall not thereafter prejudice him on motion for a new trial or on appeal.*

(Emphasis added).

The Virginia Supreme Court addressed the application of Code § 8.01-384(A) in Amos, 287 Va. at 305. In reviewing applicable precedents concerning Code § 8.01-384(A), the Court noted, "The paucity of cases that have invoked the contemporaneous objection exception during the past 40 years demonstrates that litigants are rarely precluded from making contemporaneous objections to orders or rulings of the court." Id. at 309. However, the Court found that the "unusual circumstances" in that case "demonstrate[d] why an exception of th[is] nature [as provided by the statute] is [appropriate and] warranted." Id.

In Amos, it was undisputed that the actions of the trial court prevented the defendant from presenting a contemporaneous objection. Id. at 308. As the Court observed, "Ms. Amos was not a party. Rather, she was only a witness and consequently was not represented by counsel. Following the trial judge's ruling, she was immediately taken to jail [to serve a ten-day sentence for contempt] without any further consideration by the court." Id. at 309.

The purpose of the requirement that a litigant make a contemporaneous objection is that the objection be made at a time when the circuit court, in considering the objection, can take appropriate action to correct the error. Scialdone, 279 Va. at 437; Maxwell, 287 Va. at 267. Given the immediacy of summary contempt, it is crucial to afford the contemnor the opportunity to object immediately when the contempt is pronounced. In that way, the trial court is "in position not only to consider the asserted error, but also to rectify the effect of the asserted error." Johnson v. Raviotta, 264 Va. 27, 33 (2002). The crux of a case like Amos, where application of the exception in Code § 8.01-384(A) was appropriate, is the immediate prejudicial effect of the court's claimed error and the absence of an opportunity for the court to rectify it before the order of contempt is imposed.[5]

In the event the litigant is not given the opportunity to raise a contemporaneous objection at the time an error was made by the court, Code § 8.01-384(A) provides that if a party "[had] no opportunity to object to a ruling or order at the time it [was] made, the absence of an objection shall not thereafter prejudice him . . . on appeal." In light of the immediate prejudicial nature of a summary contempt finding, nothing further can or need be done to preserve the issue for appellate review.[6]

Code § 8.01-384(A) was addressed in Maxwell, decided by the Virginia Supreme Court on the same day as Amos. In Maxwell, the Court considered both Maxwell's appeal and the

---

[5] Summary contempt is "immediate[ly] punish[ed.]" In re Oliver, 333 U.S. 257, 274-75 (1948). A contempt finding is effective upon oral pronouncement from the bench. See Petrosinelli v. People for the Ethical Treatment of Animals, Inc., 273 Va. 700, 709 (2007) (noting that a "court's contempt power encompasses written orders as well as 'oral orders, commands and directions of the court'" (quoting Robertson v. Commonwealth, 181 Va. 520, 537 (1943))).

[6] As this Court observed, "Requiring a party to file a motion to reconsider in order to preserve an issue might be perfectly sensible in some, perhaps even most, contexts. The same cannot be said, however, with regard to summary contempt." Amos v. Commonwealth, 61 Va. App. 730, 739 (2013), aff'd, 287 Va. 301 (2014).

- 6 -

appeal of Vincent Rowe – two cases that presented different applications of the statute and found

that "the factual differences between the two cases dictate disparate dispositions." Maxwell, 287

Va. at 265.  The dispositions reached in the appeals in Maxwell and Amos, as well as in other

decisions in the Virginia appellate courts that have addressed Code § 8.01-384(A), show the

failure to make a contemporaneous objection involves a context specific examination.  See, e.g.,

Campbell v. Commonwealth, 14 Va. App. 988, 996 (1992) (*en banc*) (Barrow, J., concurring)

("[T]the lack of an 'opportunity to object' . . . relates to the reason why an objection was not

made at the time of the ruling.").

The Virginia case law "requiring an issue to be presented to the court for determination

as a predicate for appellate review focuses on the actions of the litigant." Amos, 287 Va. at 307;

see, e.g., Scialdone, 279 Va. at 437-39 (explaining that the purpose of Rule 5:25 is to afford the

trial court with an opportunity to rule intelligently on issues presented by a party and that under

the facts presented, the defendants satisfied such purpose by stating objections and grounds

therefor in a motion to stay); Brown v. Commonwealth, 279 Va. 210, 217-18 (2010) (concluding

Commonwealth made its position known to trial court, thus providing it with an opportunity to

rule on that position); George v. Commonwealth, 276 Va. 767, 773-74 (2008) (holding defendant

put court on sufficient notice of position); Weidman v. Babcock, 241 Va. 40, 44 (1991) (finding

plaintiffs preserved issues for appeal in hearing and motion to rehear); Jackson v. Chesapeake &

Ohio Ry. Co., 179 Va. 642, 651 (1942) (holding party must state objection and grounds in such a

manner that the trial judge can understand the question to be decided).  Accordingly, the Court in

Amos found that

> [w]hen failure to raise a contemporaneous objection or otherwise
> bring an objection to the court's attention results from a party's
> actions, the contemporaneous objection exception of Code
> § 8.01-384(A) does not apply, and the preservation issue will be
> decided under the provisions of Rule 5A:18 or Rule 5:25, and case
> law applying those rules.  However, when a party is denied the

> opportunity to raise a contemporaneous objection, the contemporaneous objection exception of Code § 8.01-384(A) applies.

Amos, 287 Va. at 308.

For example, in Maxwell, the error asserted was based on the trial court providing answers to questions from a jury during its deliberations when, through no fault of their own, the defendant and his attorney were absent from the courtroom. Maxwell, 287 Va. at 266. They thus had neither knowledge of the court's action at the time it happened nor an opportunity to object to the court's answering the questions as they were posed. Id. at 266-67. Although the defendant learned of the trial court's *ex parte* communication during jury deliberations, he did not assert an objection until after the jury was discharged upon finding Maxwell guilty of unlawful wounding. Id. at 262-63. In response to the Commonwealth's contention that Rule 5A:18 barred Maxwell's appeal, the Virginia Supreme Court found that Code § 8.01-384(A) required consideration of Maxwell's argument on appeal. Id. at 266. The Court emphasized that Maxwell's argument in the Court of Appeals was directed "not to the *content* of the circuit court's answers to the jury's questions, but to the circuit court's *act* of entertaining and answering the jury's questions when neither he nor his counsel were present." Id. Because they were absent from the courtroom as the court proceeded to answer the jury's questions, Maxwell and his counsel had no opportunity to object and give the court the opportunity to timely rectify the error of communicating with the jury in their absence. Id. at 266-67. Given these circumstances, the Court found Code § 8.01-384(A) applied and prevented Maxwell from being prejudiced on appeal. Id. at 267.

Rowe's appeal was from his conviction, in a jury trial, for grand larceny and grand larceny with intent to sell. Id. at 263. During closing argument, the attorney for the Commonwealth indicated that inferences could support a finding of guilt:

> That's why they're part of this case, that's why they're referred to as circumstantial evidence, and that possession – in order to eliminate this inference, if you feel it's justified in th[is] case, what has to happen is some evidence has to be brought forth by the defense to eliminate it. And as you know at this point, the defense has offered no evidence.

Id. After two additional sentences, the Commonwealth concluded its closing argument. Id. at 264. Rowe's counsel stated, "Actually, before I make my argument, there is a motion I would like to make outside the presence of the jury." Id. The circuit court responded, "We'll deal with it when the jury goes out to retire," and Rowe's attorney replied, "Very well." Id. Accordingly, after the jury left to begin deliberations, defense counsel made a motion for mistrial, which was denied by the trial court and found procedurally defaulted under Rule 5A:18 by the Court of Appeals on the ground the objection to the prosecutor's closing statement was not timely made. Id. On appeal, the Virginia Supreme Court declined to apply the exception under Code § 8.01-384(A) and affirmed the decision finding that Rowe's counsel's colloquy with the trial court "makes it clear that he had the opportunity to make his objection known to the court" and that he failed to take the action needed before the jury retired. Id. at 269.

> Rowe's counsel did not lack the opportunity to make his objection to the allegedly improper comments to the court. . . . Rowe's counsel's colloquy with the court makes it clear that he had the opportunity to make his objection known to the court and articulate more clearly the action he desired the court to take and that the action needed to be taken before the jury retired.
>
> Nothing in the record supports a finding that Rowe had no opportunity to make a contemporaneous objection to the Commonwealth's argument at a time and in a manner that would make it clear to the court the relief that Rowe sought [and in time for] . . . the court to take the corrective action sought.

Id.

In the case before us, the circuit court entered its order denying the appeal without endorsement of counsel or prior notice. Rule 1:13 provides, in pertinent part, that "[d]rafts of

- 9 -

orders and decrees must be endorsed by counsel of record, or reasonable notice of the time and place of presenting such drafts together with copies thereof must be served . . . upon all counsel of record who have not endorsed them." However, "[c]ompliance with this Rule . . . may be modified or dispensed with by the court in its discretion." Rule 1:13. When dispensing with endorsement or notice pursuant to Rule 1:13,

> a better practice would be for a trial court to include a statement reflecting its decision to exercise its discretion, [but] in the absence of such a statement, we presume that a trial court exercised its discretion to dispense with the Rule's requirements. Courts are presumed to act in accordance with the law and orders of the court are entitled to a presumption of regularity.

Napert v. Napert, 261 Va. 45, 47 (2001).[7]

As noted earlier, appellant did not raise in the circuit court the issue he now asserts on appeal. However, an opportunity for the court to rectify the error clearly existed that appellant did not timely act upon. While the Virginia Supreme Court's emergency orders in 2020 placed limitations on the operation of district and circuit courts across the Commonwealth, "[t]he Judiciary of Virginia . . . remain[ed] open[.]" See May 6, 2020, Order Extending Declaration of Judicial Emergency in Response to COVID-19 Emergency. Indeed, the Virginia Supreme Court charged court clerks "with ensuring that their offices remain open and functions continue" during the emergency. See June 1, 2020, Order Modifying and Extending Declaration of Judicial Emergency in Response to COVID-19 Emergency. Therefore, nothing prevented appellant from seeking a stay, modification, vacation, or reconsideration of the circuit court's ruling pursuant to Rule 1:1(a) so that he could ask the trial court to rectify its *ex parte* order on the ground that the

---

[7] If the exception contained in Code § 8.01-384(A) were to apply in every instance where a circuit court exercises its discretion under Rule 1:13 to enter an order without notice or endorsement, the exception would effectively eviscerate the rule requiring contemporaneous objections as it pertains to such orders.

Virginia Supreme Court's emergency orders extended the time limit for noting an appeal under Code § 16.1-132.

Although appellant did not have the opportunity to note an objection at the time the circuit court denied his appeal of the lower court's decision, he had the opportunity to challenge and object to the circuit court's decision in a manner that would have been considered timely under Virginia law.  See Rules 1:1(a) and 5A:18.  For whatever reason, he chose not to do so.

Therefore, contrary to the conclusion of the dissent, we do not find that the Code § 8.01-384(A) exception to the contemporaneous objection rule is applicable under the circumstances of this case, and we affirm the decision of the circuit court.

Affirmed.

Huff, J., dissenting.

I respectfully dissent because statutory and case law authority provide that the contemporaneous objection requirement is inapplicable in circumstances where a litigant has no opportunity to object to a trial court's ruling at the time the ruling is made. Moreover, given the circumstances in this case, I disagree with the conclusion that finding appellant's assignment of error waived is the appropriate response for non-compliance with Rule 5A:20(e).

I begin with the merits to provide necessary context for analysis of the procedural issues raised by this appeal. The trial court, *sua sponte*, denied appellant's appeal from his general district court conviction on the basis that the appeal was noted outside Code § 16.1-132's ordinary ten-day window. But the trial court's denial order failed to consider the tolling effect resulting from emergency orders of the Virginia Supreme Court.

Code § 17.1-330(D) grants the Virginia Supreme Court authority to declare a judicial emergency allowing the Court to "suspend, toll, extend, or otherwise grant relief from deadlines, time schedules, or filing requirements imposed by otherwise applicable statutes, rules, or court orders in any court processes and proceedings, including all appellate court time limitations." On March 16, 2020, the Virginia Supreme Court did just that when it issued a Declaration of Judicial Emergency stating, "it is hereby ORDERED that NON-ESSENTIAL, NON-EMERGENCY court proceedings in all circuit and district courts be and hereby are SUSPENDED *and all deadlines are hereby tolled and extended*, pursuant to Code § 17.1-330(D)[.]" March 16, 2020, Order Declaring a Judicial Emergency in Response to COVID-19 Emergency (emphasis added).

As relevant to the filing dates of this case, the Court on May 6, 2020 entered a fourth order extending the tolling provisions of its prior orders:

> As provided in the First, Second, Third and Clarification Orders,
> for all cases in district and circuit courts the statutes of limitation

- 12 -

and *all other case-related deadlines*, excluding discovery deadlines, *shall continue to be tolled* during the ongoing Period of Judicial Emergency (now *March 16, 2020, through June 7, 2020*) pursuant to Va. Code § 17.1-330. . . .

May 6, 2020, Order Modifying and Extending Declaration of Judicial Emergency in Response to COVID-19 Emergency (emphasis added).[8]

My interpretation of these orders' plain meaning and intent is straightforward: when the Virginia Supreme Court said "all deadlines" except discovery deadlines, it meant "all deadlines" except discovery deadlines. Accordingly, Code § 16.1-132's ten-day appeal window was a filing "deadline" within the scope of the emergency orders' broad tolling provisions.

Appellant was convicted in the general district court on March 16, 2020 (when the first emergency order was issued) and noted his appeal on June 3, 2020 (while the fourth emergency order's tolling provisions were still operative). Thus, Code § 16.1-132's ten-day deadline was tolled from the time appellant was convicted through the time he noted his appeal, so his appeal was timely and should not have been denied by the trial court.

The Commonwealth does not dispute any of this. Instead, it presents a litany of procedural arguments and invites this Court to find appellant's assignment of error waived. The Commonwealth's arguments to this end are three-fold: (1) it argues that appellant failed to comply with Rule 5A:12(c)(1) and Rule 5A:20(c)'s requirement that the opening brief reference the page(s) in the record where the assignment of error was preserved; (2) it avers that appellant failed to comply with Rule 5A:8's requirement that he include a transcript or written statement of

---

[8] The second and third orders extended the first order's tolling provisions on filing deadlines. March 27, 2020, Order Extending Declaration of Judicial Emergency in Response to COVID-19 Emergency; April 22, 2020, Order Extending Declaration of Judicial Emergency in Response to COVID-19 Emergency. The clarification order simply explained that the prior emergency orders applied to the Speedy Trial Act. May 1, 2020, Clarification Order Concerning Tolling of Statutory Speedy Trial Deadlines During the Judicial Emergency in Response to COVID-19 Crisis.

facts in the record and thus did not "provide a sufficient record" for this Court to competently resolve this appeal; and (3) it contends that appellant did not present the argument to the trial court which he now makes on appeal, which bars his assignment of error under Rule 5A:18.

Although the Commonwealth separates its arguments related to Rules 5A:12, 5A:20, and 5A:18,[9] each argument works together to make a single comprehensive argument: because the trial court was never presented with the argument that Code § 16.1-132's ten-day deadline was tolled by the Virginia Supreme Court's emergency orders, appellant did not preserve that argument for this Court's consideration and consequently cannot reference any point in the record where he did so.

That argument is not persuasive. Even accepting the premise that the trial court was never presented with the argument appellant now makes on appeal, the contemporaneous objection standard is inapposite here. While Rule 5A:18 generally requires a litigant to object to a trial court's ruling at the time the ruling is made in order to preserve an issue for appeal, Code § 8.01-384(A) creates an exception to the rule, providing that "if a party *has no opportunity to object* to a ruling or order *at the time it is made*, the absence of an objection shall not thereafter prejudice him . . . *on appeal*." (Emphasis added). Plainly, this provision "requires appellate courts to consider issues on appeal that do not satisfy the contemporaneous objection

_____

[9] Because the Commonwealth's second argument regarding Rule 5A:8 borders on the frivolous, I do not address it above the line. The Commonwealth finds fault with appellant not including a transcript or written statement of facts in the record for this appeal. But an appeal to the circuit court is in the nature of a writ of error and is considered *de novo*. See Robinson Family, LLC v. Allen, 295 Va. 130, 143-44 (2018). Here, appellant was denied the opportunity to be heard by a court of record, which is the entire basis of his appeal to this Court. There was no proceeding in the trial court, so there is no transcript or written statement of facts to be presented to this Court. See Rule 5A:8(b)(4)(ii) (providing that absence of a transcript or written statement of facts will result in a default of an assignment of error only when those components are "necessary to permit resolution of appellate issues").

- 14 -

requirement when the litigant had no opportunity to make the requisite timely objection."
Maxwell v. Commonwealth, 287 Va. 258, 265 (2014).

Here, appellant had no opportunity to object to the trial court's ruling at the time it was made. Because the trial court mistakenly believed that appellant's appeal was untimely, it denied the appeal *sua sponte*, without a hearing, and outside the presence of appellant or his counsel. Id. at 264-67 (holding that a litigant had no opportunity to contemporaneously object to trial court's ruling where trial court ruled outside the presence of the litigant and his counsel). As such, appellant's lack of an opportunity to make a contemporaneous objection was caused by the fact that the trial court issued its ruling without appellant present and based on its misunderstanding of the applicable filing deadlines, not through any fault on appellant's part. See Commonwealth v. Amos, 287 Va. 301, 306-08 (2014) (clarifying that Code § 8.01-384(A)'s exception applies when a litigant's lack of opportunity to make a contemporaneous objection is not attributable to the litigant's own fault).

The majority disagrees with my analysis on this point. But notably, the majority concedes that appellant was precluded from making a *contemporaneous* objection to the trial court's denial order. Ante, at 11 ("[A]ppellant did not have the opportunity to note an objection *at the time the circuit court denied his appeal* of the lower court's decision[.]" (emphasis added)). That concession should end the debate, because the plain text of Code § 8.01-384(A) makes clear that its exception applies in situations where "a party has no opportunity to object to a ruling or order *at the time it is made* . . . ." (Emphasis added).

To avoid that conclusion, the majority asserts that Code § 8.01-384(A) does not avail appellant because the courts were open when he filed his appeal and "nothing prevented appellant from seeking a stay, modification, vacation, or reconsideration of the circuit's ruling[.]" But precedent forecloses the majority's analysis, as the Virginia Supreme Court has

- 15 -

rejected an interpretation of Code § 8.01-384(A) that requires a party to file a post-ruling

objection when a trial court denies the party an opportunity to object at the time the ruling was

made:

> The plain language of the contemporaneous objection exception in
> Code § 8.01-384(A) states that when the litigant, through no fault
> of his own, is prevented from making a contemporaneous objection
> to the court's ruling or order, the failure to object "*shall not
> thereafter prejudice*" the litigant on appeal. . . . This language is
> clear and unqualified. The statute *imposes no requirement* that
> when the contemporaneous objection exception applies, a party, if
> able, must file a post-conviction objection *or otherwise bring the
> objection to the court's attention at a later point in the proceedings*
> . . . . To [hold otherwise] would require us to add language to the
> statute. This Court may not construe the plain language of a
> statute in a manner that amounts to holding that the General
> Assembly meant to add a requirement to the statute that it did not
> actually express.

Amos, 287 Va. at 306-07 (second and third emphases added) (internal citation and quotation

marks omitted). Thus, even though a party who was denied the opportunity to make a

contemporaneous objection "may be able to and may choose to file a motion to reconsider [and

may even be wise to do so,] [s]uch a step . . . is not required under Code § 8.01-384(A) in order

to preserve an issue for appellate review." Id. at 307.

By faulting appellant for not filing a post-ruling motion to the trial court's denial order,

the majority circumvents the Amos Court's holdings and effectively adopts the interpretation of

Code § 8.01-384(A) espoused by the dissent in that case. See id. at 309 (McClanahan, J.,

dissenting) (stating that Code § 8.01-384(A) does not relieve a party of an "obligation to later

state his objection if the trial court can still take corrective action—whether in the context of

summary contempt or otherwise").

What is more, it is not as if the majority's interpretation could not have been adopted in

the cases where Virginia courts found Code § 8.01-384(A)'s exception applicable. Take Amos

as an example. The individual subject to the summary contempt order in that case was able

to—and in fact did—file a motion to vacate the order. Id. at 304-05. Because the individual did not obtain a ruling on her motion while the trial court had jurisdiction over the matter (or put another way, while it was in a position to take corrective action), the Commonwealth averred that the arguments she made on appeal were waived. Id. at 305. But as noted, the Amos Court held that the plain language of Code § 8.01-384(A) precluded the Commonwealth's argument. And it did so despite the fact that it could have adopted the view taken by the majority today.

Take Maxwell as another example. As the majority notes, the issue there was that the trial court provided answers to jury questions during jury deliberations when neither the defendant nor his counsel was present. Maxwell, 287 Va. at 262-63. The defendant did not note an objection in the trial court, even though he learned of the trial court's error while the jury was still deliberating and thus while the trial court was in a position to take corrective action. Id. at 266. On appeal, the Commonwealth charged that Code § 8.01-384(A) did not relieve the defendant of his obligation to allow the trial court the opportunity to take corrective action while it had jurisdiction over the matter. Id. This Court agreed, holding that even though the trial court's actions occurred outside the presence of the defendant and his counsel, appellant still had an opportunity "to consult with counsel and to determine whether corrective actions could be taken or whether a mistrial should be declared." Maxwell v. Commonwealth, No. 0047-12-4, at *1, 6 (Va. Ct. App. Apr. 16, 2013). The Virginia Supreme Court reversed this Court's judgment, and the entire focus of its analysis was that the defendant was incapable of objecting to the trial court's action *at the time it was made*, despite the fact that the defendant had an opportunity to request that the trial court take corrective action following its error. Maxwell, 287 Va. at 266-67. So there again, the Court passed on an opportunity to interpret Code § 8.01-384(A) the way the majority does now.

In short, the focus of any analysis of Code § 8.01-384(A)'s exception is whether a litigant

had an opportunity to object to a trial court's ruling at the time it is made. Under the plain text of

that statute—as well as the controlling authorities that have interpreted it—it is immaterial

whether a litigant has the ability to file a post-ruling motion while the trial court is in a position

to take corrective action for its alleged error.[10] Amos, 287 Va. at 306-07 ("The statute *imposes*

*no requirement* that . . . a party, *if able*, must . . . otherwise bring the objection to the court's

attention at a later point in the proceedings as the Commonwealth argues." (emphasis added)).

I also respectfully disagree with the majority's conclusion that this Court cannot consider

appellant's Code § 8.01-384(A) argument because he raised it for the first time at oral

argument.[11] Under Rule 5A:20(e), "[w]hen the assignment of error was not preserved in the trial

---

[10] The majority raises a policy concern in response to my analysis: namely, that my reading of the statute and applicable precedents would "eviscerate" the contemporaneous objection rule every time a trial court issues non-endorsed orders under Rule 1:13. Ante, at 10 n.7. In my view, the majority's prediction is overstated. For one thing, I presume that it will be the rare case where a trial court denies or dismisses actions in the absence of any authority to do so. Cf. White v. White, 56 Va. App. 214, 217 (2010) ("In Virginia, we presume [trial] judges know the law and correctly apply it." (alteration in original) (internal citation and quotation marks omitted)). For another, a substantial number of cases where a trial court exercises its discretion under Rule 1:13 will involve scenarios where the litigants have disputed a given issue before the court and the court issues a ruling on that dispute. In such cases, no formal objection to the trial court's order would be necessary because the parties have already made their respective positions known to the trial court prior to its order. See Cuffee-Smith v. Commonwealth, 39 Va. App. 476, 480 (2002) ("Formal exceptions to rulings are not necessary as long as the party makes known to the court the action which he desires the court to take . . . ." (internal citation and quotation marks omitted)).

More important, however, is the fact that regardless of whether my or the majority's prediction is correct, the General Assembly has seen fit to create an exception to the contemporaneous objection rule, and the entire point of an exception is to "eviscerate" a general rule's application in specified contexts. Where the General Assembly chooses to legislate in an area within its power, a court's duty is to simply apply the law as written. If doing so creates policy concerns like the one the majority raises today, then that is an issue for the General Assembly, not the judiciary, to address.

[11] I provide this analysis because I understand the judgment of the majority opinion to be two-fold: (1) appellant's assignment of error is waived under Rule 5A:18 and (2) even if it were

court, counsel must state why the good cause and/or ends of justice exceptions to Rule 5A:18 are applicable." Because Rule 5A:20(e) is non-jurisdictional, however, a failure to comply with it does not require that an appellant's assignment of error be dismissed or automatically be found waived. Jay v. Commonwealth, 275 Va. 510, 520 (2008). Instead, it is left to this Court's judgment to discern whether an appellant's non-compliance is "significant" and therefore warranting of this Court treating an issue as waived:

> [W]hen an appellant does not comply with [Rule 5A:20(e)] . . . the Court of Appeals *may*, among other things, require an appellant to re-submit the petition for appeal or opening brief, or it *may* treat a question presented [now assignment of error] as waived. The Court of Appeals should, however, consider whether any failure to strictly adhere to the requirements of Rule 5A:20(e) is insignificant, *thus allowing the court to address the merits of a[n assignment of error]*.

Id. (emphasis added); see also Bartley v. Commonwealth, 67 Va. App. 740, 744 (2017) (noting this Court "may" treat an issue as waived if an appellant fails to comply with Rule 5A:20(e)). And when determining whether an appellant's failure to comply with a non-jurisdictional rule is significant, this Court must consider all the circumstances of the case. See Moore v. Commonwealth, 276 Va. 747, 756 (2008) (discussing the "circumstances" of the case in reversing this Court's conclusion that an appellant's violation of Rule 5A:12(c) was "so substantial as to preclude [it] from addressing the merits of the case").

In weighing the relevant circumstances of this case, I conclude that any non-compliance with Rule 5A:20(e) on appellant's part was not "so substantial as to preclude [this Court] from addressing the merits of the case." See id. To that end, I offer four considerations.

*First*, this is not a case where an appellant's non-compliance with Rule 5A:20(e) resulted in denying an appellee a meaningful opportunity to address all of the issues raised in an appeal.

_____

not waived due to Code § 8.01-384(A)'s exception to the contemporaneous objection rule, it is still waived because appellant did not invoke that statutory exception in his opening brief.

To the contrary, the Commonwealth in its brief pre-emptively rebutted the assertion that appellant had no opportunity to object to the trial court's denial order, which means it addressed the precise issues raised by an analysis of Code § 8.01-384(A)'s exception to the contemporaneous objection rule. See, e.g., Commonwealth's Br. at 12 ("[Appellant] had ample opportunity to seek reconsideration, to argue to the circuit court that the emergency orders extended the time for filing his notice of appeal, and to obtain a ruling clearly deciding the issue. He failed to do so."). And when appellant raised Code § 8.01-384(A) at oral argument, the Commonwealth took full opportunity to answer this Court's questions on that statute and to dispute appellant's reliance on it. As such, one of the primary justifications for strict adherence to Rule 5A:20(e) is not present in this case, which undermines the conclusion that finding appellant's assignment of error waived is the most appropriate course of action in resolving this appeal. Cf. Jeter v. Commonwealth, 44 Va. App. 733, 741 (2005) (noting that "one of the fundamental purposes of Rule 5A:20(e)" is to give appellees a "meaningful opportunity" to address all the issues raised on appeal).

*Second*, the merits of appellant's assignment of error as well as his argument related to Code § 8.01-384(A) are straightforward and beyond any genuine dispute. Indeed, the Commonwealth never argued that the trial court's denial of appellant's appeal was lawful (nor could it). And to the extent it disputed Code § 8.01-384(A)'s applicability to this case, it simply retried the argument it made in Amos—that appellant had an opportunity to object because he could have filed a motion to reconsider after the trial court denied his appeal. But the Virginia Supreme Court has already rejected that argument, and I cannot see any other angle from which one can postulate that appellant could have contemporaneously objected to the trial court's denial order when the order was entered without a hearing and outside the presence of appellant or his counsel.

- 20 -

If either the threshold question or the merits were a closer call, the justification for finding appellant's assignment of error waived would be greater. An additional purpose of Rule 5A:20(e) is to prevent this Court from becoming a "depository in which the appellant may dump the burden of argument and research." Bartley, 67 Va. App. at 744 (citation omitted). But where, as here, the issues are easily resolved and beyond dispute—and the relevant authorities were, in the aggregate, brought to this Court's attention through both the parties' briefs as well as oral argument—it can hardly be said that appellant's non-compliance with Rule 5A:20(e) inflicted a "burden" on this Court sufficient to justify imposing the harsh penalty of waiver. Indeed, the fact that the majority can and does provide its own analysis of Code § 8.01-384(A) in response to this dissent demonstrates the point.

*Third*, this Court never once raised Rule 5A:20(e) during oral argument, much less suggested that appellant's non-compliance with it could serve as a potential barrier to this Court addressing his argument on the merits. Instead, this Court spent the vast majority of oral argument questioning appellant and the Commonwealth on whether the assignment of error was preserved and whether Code § 8.01-384(A)'s exception to the contemporaneous objection rule applied. Notwithstanding that fact, the majority now holds appellant's non-compliance with Rule 5A:20(e) against him, without ever giving him the opportunity to provide his own insight as to the "significance" of his shortcoming pursuant to Jay.

*Fourth*, the stakes associated with reversal in this case are minor in context. In most criminal appeals, this Court is asked to overturn an appellant's conviction after a trial court has considered the case in its entirety through a trial and multiple hearings. By contrast, reversal in this case would not disturb a trial court's considered judgment or expenditure of resources in any

- 21 -

meaningful sense, and instead would merely result in appellant being given the opportunity to be

heard by a court of record on the crime he is alleged to have committed.[12]

In deciding that treating appellant's assignment of error as waived is the appropriate

response to his non-compliance with Rule 5A:20(e), the majority necessarily concludes that any

burden associated with appellant's shortcoming outweighs all of the considerations I have

outlined above. I respectfully cannot join the majority's judgment on that front.

In differing with the majority, I do not condone appellant's failure to comply with this

Court's rules and likewise do not condone any similar violations of litigants in the future. In

fact, as this Court once did in Bartley, see 67 Va. App. at 747, I implore future litigants as a

matter of best practices to be mindful of this Court's rules, carefully abide by them, and not take

for granted that non-compliance with this Court's rules may prove to not be fatal in the event

such non-compliance is insignificant.

In sum, I conclude that appellant had no opportunity to contemporaneously object to the

trial court's denial of his appeal. Accordingly, the procedural rules relied on by the

Commonwealth do not prevent this Court from considering appellant's arguments. Likewise,

when considering all the circumstances of this appeal, I conclude that appellant's

non-compliance with Rule 5A:20(e) was not "so substantial as to preclude [this Court] from

---

[12] Compare the circumstances of this case to those present in the Virginia Supreme Court's decision in Toghill v. Commonwealth, 289 Va. 220, 224-25 (2015). There, the stakes of reversal were not just the potential reversal of a criminal conviction, but also the potential invalidation of an entire statute. Like the appellant in this case, the appellant in Toghill did not raise the arguments in support of reversal in the trial court. Id. But unlike the appellant here, the appellant there did not raise the good cause exception at *any* point in the proceedings. Id. at 239 (McClanahan, J., concurring). Nonetheless, the Court, *sua sponte*, determined that good cause excused the lack of preservation in the trial court and reached the merits of the case. Id. at 225-27. I cite Toghill not to suggest that it gives appellate judges *carte blanche* authority to invoke the good cause exception regardless of whether an appellant does so, but rather to demonstrate that the circumstances and stakes in this case are far less extreme, which in turn supports my conclusion that reaching the merits of this appeal is the more appropriate course of action.

addressing the merits of the case" and awarding him the relief to which he is entitled.  See

Moore, 276 Va. at 756.  I would therefore reverse the trial court's denial order and remand with

instructions to conduct proceedings consistent with the analysis set forth in this dissent.