COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, Alston and Russell
Argued by teleconference

TIMOTHY KENNETH BARTLEY

v.      Record No. 1336-16-3

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE WILLIAM G. PETTY
JUNE 20, 2017

FROM THE CIRCUIT COURT OF THE CITY OF WAYNESBORO
Charles L. Ricketts, III, Judge

Michael J. Hallahan, II, for appellant.

John I. Jones, IV Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Timothy Kenneth Bartley was convicted of possession of methamphetamines in violation

of Code § 18.2-250. Bartley argues on appeal that the trial court erred in denying his motion to

suppress because the search of his car was invalid. Bartley's assignment of error is procedurally

defaulted under Rule 5A:20(e); therefore, we affirm his conviction.

BACKGROUND

Waynesboro City police were executing a search warrant for methamphetamines at the

residence of a suspected methamphetamine distributor (distributor) when the distributor

identified Bartley as his "supplier." The search warrant authorized a search of the residence as

well as a search of "all persons therein [and] all vehicles associated" with the residence. Before

the search was finished, and with the agreement of the police, the distributor called Bartley and

placed an order for methamphetamines. When Bartley arrived at the distributor's residence a

short time later, police searched Bartley's car and found a set of scales coated in

methamphetamine residue.

ANALYSIS

Bartley argues in his single assignment of error that police improperly "lured" him to the residence in order to bring him within the scope of the search warrant. He further states that there was no probable cause to search his car without a search warrant because the distributor was not a reliable informant. His entire argument, unedited, supporting that assignment of error states:

> There is no dispute as to the facts in this case. The only dispute is whether or not the search of the appellant's vehicle was legal. The Commonwealth's position is that since this search warrant covered all persons and vehicles at said address, and the appellant arrived during the execution of the search warrant that the appellant was lawfully searched under the authority of the search warrant. The appellant believes that the Court should suppress all evidence as a result of the search because the appellant because he was not named or targeted in said search warrant, the appellant only appeared at said residence because he was invited over, at the request of law enforcement, and the appellant does not believe that it is lawful for law enforcement, during the execution of a valid search warrant, to lure third parties onto the property so they can be searched too. (Appendix p. 94) The Carroll case allows the search of a vehicle when the officer has probable cause that a crime has been committed and the Commonwealth argues that the appellant could have been searched in this case, even if there was no active search warrant, because they would have had probable cause to search him because the target of the search warrant said that the appellant was his supplier and he came right over, but there is no evidence that the target is a reliable informant, and without that, the unreliable testimony of the informer would not rise to the level of probable cause. The fact that the appellant arrived and did not have meth with him to sell to the target goes to the target's unreliability, working against the Commonwealth. If law enforcement had simply asked for permission to search, or gotten another warrant, there would be no argument here.
>
> The appellant agrees that search warrants are presumed valid, see Lebedun, and that the search warrant in this case covers all persons and vehicle present at that address, and the appellant even agrees that it would also cover people arriving at the residence during its execution, on their own, but the appellant argues that the search warrant absolutely doesn't cover anyone that law enforcement can lure over or invite onto the property, as they did in this case. It is clear that the appellant only came over

because he was asked to by law enforcement, via the target, and the appellant would of otherwise not been there. Law enforcement clearly thought they could side step getting a search warrant to go after the appellant. The appellant believes that the trial court should have granted the appellant's Motion to Suppress and suppressed the evidence found as a result of the search of the appellant's vehicle, and all fruits obtained from it. That would have suppressed all of the contraband offered into evidence by the Commonwealth and with nothing left, the trial court should have dismissed the charge against the appellant.

In summary, luring the appellant over to the address of the search warrant and using the authority of the search warrant to then search his vehicle was clearly outside the scope of the search warrant and there wasn't sufficient probable cause to independently search appellant's vehicle.

Appellant's Br. at 4-6.

"Rule 5A:20(e) requires that an appellant's opening brief contain '[t]he principles of law, the argument, and the authorities relating to each question presented.' Unsupported assertions of error 'do not merit appellate consideration.'" Jones v. Commonwealth, 51 Va. App. 730, 734, 660 S.E.2d 343, 345 (2008) (alteration in original) (quoting Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992)), aff'd in part, vacated in part, 279 Va. 52, 688 S.E.2d 269 (2010). We require adherence to this rule because

[a] court of review is entitled to have the issues clearly defined and to be cited pertinent authority. The appellate court is not a depository in which the appellant may dump the burden of argument and research. To ignore such a rule by addressing the case on the merits would require this court to be an advocate for, as well as the judge of the correctness of, [appellant's] position on the issues he raises. On the other hand, strict compliance with the rules permits a reviewing court to ascertain the integrity of the parties' assertions which is essential to an accurate determination of the issues raised on appeal.

Id. at 734-35, 660 S.E.2d at 345 (second alteration in original) (quoting People v. Trimble, 537 N.E.2d 363, 364 (Ill. App. Ct. 1989)). Furthermore, "when a party's 'failure to strictly adhere to the requirements of Rule 5A:20(e)' is significant," this Court may treat the question as waived.

Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008) (quoting Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008)).[1]

Here, Bartley's argument that the police improperly "lured" him to the residence to bring him within the scope of the search warrant consists solely of conclusory statements unsupported by any legal analysis or authority. Bartley cites Lebedun, presumably Lebedun v. Commonwealth, 27 Va. App. 697, 501 S.E.2d 427 (1998), only to affirm his agreement that search warrants are presumptively valid. Significantly, Bartley offers no legal support from Lebedun or any other source for his argument, merely stating that he "does not believe that it is lawful for law enforcement, during the execution of a valid search warrant, to lure third parties onto the property so they can be searched too." In the absence of legal analysis or authority on the point, what Bartley may believe is irrelevant.[2]

Likewise, Bartley's argument that a warrantless search of his car was not supported by probable cause is devoid of legal argument or support. Bartley makes one reference in his opening brief to Carroll, presumably Carroll v. United States, 267 U.S. 132 (1925),[3] pointing out only that "[t]he Carroll case allows the [warrantless] search of a vehicle when the officer has probable cause [to believe] that a crime has been committed . . . ." Bartley specifically argues that there was no probable cause to search his car because the distributor, the target of the

---

[1] Rule 5:27 has a similar requirement for opening briefs filed in the Supreme Court. And, like this Court, the Supreme Court considers "[t]he failure to comply with the requirements of Rule 5:27 [to be a] waiver of the arguments the party failed to make." John Crane, Inc. v. Hardick, 283 Va. 358, 376, 722 S.E.2d 610, 620 (2012).

[2] The Commonwealth cited multiple cases from this Court, as well as from our sister states, in support of its argument that the search of Bartley's car was lawful. Bartley did not challenge the Commonwealth's persuasive authority in a reply brief nor did he address it at oral argument. However, in light of our conclusion that he has waived his assignment of error, we express no opinion on the merits of the assignment of error.

[3] At issue in Carroll v. United States was the validity of a warrantless search of a car for contraband liquor. 267 U.S. at 162.

- 4 -

warrant, was not a reliable informant. Bartley fails to support this argument with any legal analysis or authority from Carroll or any other source. Bartley does not address the factors to be considered in determining an informant's reliability; he simply states that his arrival at the residence without methamphetamine in a form suitable for sale, "goes to the target's unreliability, working against the Commonwealth."

"At the risk of stating the obvious, the Rules of the Supreme Court are rules and not suggestions; we expect litigants before this Court to abide by them." Eaton v. Wash. Cty. Dep't of Soc. Servs., 66 Va. App. 317, 332 n.1, 785 S.E.2d 231, 239 n.1 (2016). If Bartley believed that the trial court erred, Rule 5A:20(e) required him "to present that error to us with legal authority to support [his] contention." Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008). Simply put, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." Sneed v. Bd. of Prof'l Responsibility of the Supreme Court of Tenn., 301 S.W.3d 603, 615 (Tenn. 2010). Bartley's failure to provide legal argument and authority as required by Rule 5A:20(e) leaves us without a legal prism through which to view his alleged error and, therefore, is significant; accordingly, we deem his assignment of error waived.

In doing so, however,

> [w]e take the occasion . . . to reiterate the [consequences of a violation of Rule 5A:20] and to reemphasize the necessity of compliance with its . . . requirements. We do this because we have observed far too many violations of this rule; and we lament the numerous instances in which we have been forced to [deem an argument waived] because of failure to observe the rule's requirements.[4]

---

[4] Our criminal case law is replete with instances where counsel's failure to comply with Rule 5A:20(e) deprived the appellant of the opportunity to have the issue decided on the merits. See, e.g., Lee v. Commonwealth, No. 1745-15-2, 2017 Va. App. LEXIS 77 at *6 n.8

<u>Towler v. Commonwealth</u>, 216 Va. 533, 534, 221 S.E.2d 119, 121 (1976) (per curiam) (footnote added) (addressing the consequences of failing to file a necessary transcript).

CONCLUSION

On appeal, it is Bartley's burden to prove the trial court committed reversible error. Because Bartley's sole assignment of error is waived under Rule 5A:20(e), he has failed to meet his burden. Therefore, we affirm his conviction.

<u>Affirmed.</u>

---

(Va. Ct. App. Mar. 14, 2017) (noting that appellant's argument that involuntary manslaughter is a lesser-included offense of felony homicide was waived under Rule 5A:20(e) regardless of appellant's concession at oral argument); <u>Prekker v. Commonwealth</u>, 66 Va. App. 103, 122, 782 S.E.2d 604, 613 (2016) (finding that appellant's notice challenge to the mandatory minimum sentence provisions was waived under Rule 5A:20(e)); <u>Mitchell v. Commonwealth</u>, 60 Va. App. 349, 353-55, 727 S.E.2d 783, 785-86 (2012) (finding that appellant's failure to cite sufficient legal authority as required by Rule 5A:20(e) was so significant that the Court was compelled to find that the appellant had waived consideration of his argument that the trial court erred in denying a defense motion to strike because the evidence was insufficient to prove defendant used a firearm in the commission of a robbery); <u>Atkins v. Commonwealth</u>, 57 Va. App. 2, 20, 698 S.E.2d 249, 258 (2010) ("Because appellant provides no legal argument or authority in his brief to support his argument, and we find this omission significant, appellant's claim that the trial court erred in not finding his due process rights were violated is waived under Rule 5A:20(e).").