UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Petty and Chafin
Argued at Richmond, Virginia

CHARLES JONATHAN BEANE

v.        Record No. 0465-18-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE ROBERT J. HUMPHREYS
APRIL 2, 2019

FROM THE CIRCUIT COURT OF HENRICO COUNTY
Richard S. Wallerstein, Jr., Judge

Taylor B. Stone (Janus & Stone P.C., on briefs), for appellant.

Alice Anne Lloyd, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Charles Jonathan Beane ("Beane") appeals the December 19, 2017 decision of the Circuit

Court of Henrico County ("circuit court") finding him guilty of aggravated sexual battery in

violation of Code § 18.2-67.3(A)(1) and sentencing him to fifteen years' incarceration, with

twelve years suspended on condition of the successful completion of twenty years' probation.

Beane argues that the circuit court erred by relying on evidence that was inherently incredible

and inconsistent.

I.  BACKGROUND

On August 21, 2015, Beane's estranged wife, Kristen Beane ("mother"), dropped off

their daughter A.B. and her two brothers N.B. and J.B. for a weekend visit with Beane.

Following this visit, A.B., then seven years old, disclosed to her mother that Beane had rubbed

her vagina over her underwear and made her rub his genitals.  A.B.'s mother took her to the local

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

hospital for an examination, which resulted in a September 3, 2015 interview of A.B. by a Henrico Department of Social Services investigator. During this interview A.B. stated that on the night of the incident she had been sleeping in the same bed as Beane while her brother J.B. slept on the floor nearby in a sleeping bag, and N.B. slept in the same room on the opposite side of a dividing wall. A.B. stated that Beane rubbed her vagina over her underwear and made her rub his penis.

Beane denied the assault. He admitted that he and A.B. slept in the same bed but denied any sexual activity had occurred. Beane also disputed several of the details in A.B.'s account, including where J.B. and N.B. were sleeping in the room and that A.B. was wearing a diaper rather than underwear. The circuit court found Beane guilty of aggravated sexual assault, dismissing the discrepancies as inconsequential.

## II. ANALYSIS

"We consider the evidence and all reasonable inferences fairly deducible therefrom in the light most favorable to the Commonwealth, the prevailing party at trial." Crawford v. Commonwealth, 281 Va. 84, 97 (2011) (quoting Bass v. Commonwealth, 259 Va. 470, 475 (2000)). While Beane correctly cites this standard of review, he provides no legal authority to support his argument that, as a matter of law, the inconsistencies in A.B.'s testimony should have prevented the circuit court from finding the evidence sufficient to convict him. Rule 5A:20 requires that an appellant's opening brief contain, inter alia, "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error." Rule 5A:20(e). Beane's "failure to provide legal argument and authority as required by Rule 5A:20(e) leaves us without a legal prism through which to view his alleged error and, therefore, is significant." Bartley v. Commonwealth, 67 Va. App. 740, 746 (2017). The failure being significant, so are the consequences for a material failure to follow the rules of the Supreme

Court—accordingly, we treat Beane's assignment of error as waived. Beane would do well to remember that "[a]ppellate courts are not unlit rooms where attorneys may wander blindly about, hoping to stumble upon a reversible error. If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention." Fadness v. Fadness, 52 Va. App. 833, 851 (2008).

## III. CONCLUSION

Beane's argument is waived by his failure to provide supporting legal authority as required by Rule 5A:20. Therefore, the judgment of the circuit court is affirmed.

Affirmed.