COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, O'Brien and AtLee
Argued at Norfolk, Virginia

UNPUBLISHED

BENJAMIN FORREST CARTER

                                          MEMORANDUM OPINION* BY
v.      Record No. 0801-18-1                JUDGE RICHARD Y. ATLEE, JR.
                                            JULY 2, 2019
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
C. Peter Tench, Judge

Jill R. Schmidtke (Andrew M. Sacks; Stanley E. Sacks; Sacks &
Sacks, P.C., on brief), for appellant.

Brittany A. Dunn-Pirio, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Benjamin Forrest Carter appeals his convictions for assault and battery, Code § 18.2-57,

carjacking, Code § 18.2-58.1, and two counts of abduction by force, Code § 18.2-47. Carter

argues that the trial court erred by admitting a witness's preliminary hearing testimony. He also

argues that the evidence was insufficient to support the convictions. We disagree and affirm the

trial court.

I. BACKGROUND

Carter and Jasmine Smith-Aaron were in a romantic relationship. In April of 2016,

Carter was driving Smith-Aaron's car, with both Smith-Aaron and her infant daughter in the car.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Carter parked the car at the library, where the parties got into an argument. A physical altercation ensued,[1] which ultimately resulted in the charges against Carter.

Smith-Aaron was the Commonwealth's primary witness at trial. She cooperated and answered the Commonwealth's questions about the events leading up to Carter's assault on her. When the Commonwealth asked questions about the assault, Smith-Aaron became less cooperative, and she repeatedly answered questions by stating that she did not know what happened or that she could not remember.

The trial court allowed the Commonwealth to treat Smith-Aaron as an adverse witness, but she continued to state that she could not remember. The Commonwealth attempted to use the transcript from Smith-Aaron's preliminary hearing testimony to refresh her recollection. When asked if reviewing the transcript refreshed her memory, Smith-Aaron responded, "Not really." She continued to say that she did not remember what happened. When confronted with her prior statement, she answered, "That's what [the] paper says."

The Commonwealth moved to introduce the transcript of Smith-Aaron's preliminary hearing testimony into evidence. The trial court stated that it would first have to find Smith-Aaron "unavailable," and it questioned her about her inability to remember her prior testimony. The trial court informed Smith-Aaron that it could hold her in contempt and send her to jail if it determined she was feigning her memory loss. Smith-Aaron said she understood, but explained that it had been a long time and she could not remember "the exact events." The trial court found that she was unavailable and granted the Commonwealth's motion to admit the preliminary hearing transcript.

---

[1] Because the details of the incident are immaterial to the issues on appeal, we recite only those facts that are necessary to the consideration of the issues.

Carter objected, arguing that Smith-Aaron's answers to the trial court's questions were equivocal because she only denied knowing the "exact detail[s]." The trial court required the Commonwealth to question Smith-Aaron further. When the Commonwealth resumed questioning, Smith-Aaron continued to answer with variations of "I don't remember" or "I don't know." When asked if she could recall anything, Smith-Aaron said she only remembered the end of the incident when Carter pulled over the car.

The trial court again ruled the preliminary hearing transcript was admissible. The trial court reminded Smith-Aaron that it could hold her in contempt, but she still stated that she could not remember. Carter's counsel was permitted to cross-examine Smith-Aaron. She continued to state that she could not remember, and, at best, she could only tell them what she was reading from the preliminary hearing transcript.

The trial court continued the case.[2] When it resumed, the Commonwealth again attempted, unsuccessfully, to refresh Smith-Aaron's memory. The trial court ruled that Smith-Aaron was unavailable. Carter objected, and his attorney was again permitted to cross-examine her.

The trial court found that Smith-Aaron was refusing to testify, and it held her in contempt of court. Smith-Aaron explained that she truly did not remember because the abuse "happened for hours," and she did not remember the details. The trial court allowed the Commonwealth to question her again. Smith-Carter answered some questions that she had not answered before, but was still unable to give many details.

---

[2] The Commonwealth attempted to introduce records of text messages, and Carter objected on best evidence grounds. The trial court continued the case to allow Smith-Aaron to retrieve her cellphone in order to determine if the original text messages could be obtained from the cellphone.

The Commonwealth then read into evidence portions of the preliminary hearing testimony that related to the subjects Smith-Aaron was unable to remember. Smith-Aaron provided some additional details on cross-examination.

After the Commonwealth rested its case, Carter renewed his motion to strike the preliminary hearing transcript from evidence. After arguments, the trial court granted Carter's motion and struck the preliminary hearing testimony from the record.

In closing, Carter argued that the evidence was insufficient to convict him, though he noted that "he was not going to argue with regards to the assault and battery" charge. The trial court found Carter guilty of all four charges against him. This appeal followed.

## II. ANALYSIS

### A. *Admissibility of the Preliminary Hearing Testimony*

Carter assigns error to the trial court's decision to admit the preliminary hearing transcript into evidence.

An appellant must point to the specific error(s) in the trial court's ruling upon which he or she intends to rely. Rule 5A:12(c)(1). If the assignment of error "does not address the findings or rulings in the trial court," the assignment of error is not sufficient. Rule 5A:12(c)(1)(ii). Therefore, if the assignment of error does not address an actual ruling made by trial court, we will not consider it on appeal. Teleguz v. Commonwealth, 273 Va. 458, 471 (2007).

Carter's assignment of error alleges that the trial court improperly admitted the transcript of Smith-Aaron's preliminary hearing testimony into evidence at the trial. Although the trial court initially admitted the transcript into evidence, it subsequently granted Carter's motion to strike the preliminary hearing transcript from the record. Thus, despite Carter's argument, the preliminary hearing transcript was not admitted into evidence. Because the trial court did, in fact, grant Carter's motion to strike, Carter's assignment of error refers to an alleged error

corrected by the trial court and does not address the final ruling of the trial court. Consequently, we will not consider this argument on appeal.

## B. *Sufficiency of the Evidence*

Carter argues that the evidence was insufficient to convict him of the crimes for which he was charged. Specifically, he argues that the testimony of Smith-Aaron, even if admissible, was not credible as a matter of law.

Rule 5A:20(e) requires that an opening brief contain the argument, principles of law, and authorities relating to each assignment of error. "Unsupported assertions of error 'do not merit appellate consideration.'" Bartley v. Commonwealth, 67 Va. App. 740, 744 (2017) (quoting Jones v. Commonwealth, 51 Va. App. 730, 734 (2008)). "The appellate court is not a depository in which the appellant may dump the burden of argument and research." Fadness v. Fadness, 52 Va. App. 833, 850 (2008) (quoting Jones, 51 Va. App. at 734-35). "'[W]hen a party's "failure to strictly adhere to the requirements of Rule 5A:20(e)" is significant,' this Court may treat the question as waived." Bartley, 67 Va. App. at 744 (quoting Parks v. Parks, 52 Va. App. 663, 664 (2008)).

Here, Carter's argument that the evidence is insufficient consists solely of two conclusory sentences. Further, Carter does not present a single citation or legal authority to support his contention. Because we consider Carter's failure to comply with Rule 5A:20(e) significant, we consider this assignment of error waived.

## III. CONCLUSION

Because Carter did not meet his burden to prove the trial court committed reversible error, we affirm his convictions.

Affirmed.