COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, O'Brien and Russell
Argued by videoconference

**UNPUBLISHED**

GREGORY LYNN McMILLAN

v.      Record No. 0557-20-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE WILLIAM G. PETTY
DECEMBER 22, 2020

FROM THE CIRCUIT COURT OF YORK COUNTY
Charles J. Maxfield, Judge Designate

Stephen K. Smith for appellant.

Leah A. Darron, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Gregory Lynn McMillan appeals his conviction for driving after forfeiture of license, third

offense in ten years, in violation of Code § 18.2-272(A).[1] He argues that the evidence was

insufficient to prove that he drove the vehicle on a public highway. For the reason below, we

affirm.

## I. BACKGROUND

Because this is an unpublished opinion that carries no precedential value and the parties

are fully conversant with the record, we recite only the facts relevant to our analysis. As with

any criminal appeal challenging the sufficiency of the evidence, we consider the evidence in the

light most favorable to the prevailing party, here the Commonwealth. Hall v. Commonwealth,

55 Va. App. 451, 453 (2009).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] McMillan was also convicted of refusal to take a breathalyzer test, second offense, in
violation of Code § 18.2-268.3, but that conviction is not a subject of this appeal.

The evidence at trial established that at approximately eleven o'clock in the evening of March 13, 2019, Deputy Harris of the York County Sheriff's Office was "on a patrol check" in the parking lot of the Holiday Inn Express. The Holiday Inn Express is located at the corner of Mooretown Road and Lightfoot Road in York County. Deputy Harris testified that he noticed a car parked in the back of the lot that was running and had its interior light illuminated.

When Deputy Harris got closer to the car, he saw McMillan, who was alone in the car and seated in the driver's seat. McMillan was "slumped over" into the console area between the two front seats and had his eyes closed. Deputy Harris began to tap on the window and bang on the door to get McMillan's attention. After about two or three minutes, McMillan responded.

At this stage in Deputy Harris's testimony, the Commonwealth played Deputy Harris's body camera footage without objection from McMillan. The body camera footage was never admitted into evidence, and it was never made part of the record on appeal.[2] The Commonwealth's attorney paused the recording at several points and asked Deputy Harris to comment on the footage. The Commonwealth then admitted into evidence McMillan's two prior convictions for driving with a revoked license.

At the close of the Commonwealth's evidence, McMillan made a motion to strike, which the court denied. McMillan renewed his motion to strike after electing not to testify. He argued, "looking at the body cam – again, I would say that Mr. McMillan never admitted – he never said that he drove the car from Mooretown Road. That he was over at Mooretown Road. We don't know how the car got there." In response, the court observed,

---

[2] The video contained the only admission by McMillan as to how he arrived in the parking lot. The parties apparently disagreed as to what was said on the video, and the trial court relied on the video in convicting McMillan. However, because the Commonwealth neglected to introduce the recording into evidence, it is not part of the record, and we are unable to consider it in our review. We will leave for another day the determination of whose responsibility it is to ensure that a recording played during trial is made part of the record.

I can't conceive of any hypothetical as to how he got here without being on a public road. He didn't say how he got here without being on a public road. He didn't say I was staying at the hotel and came out to the car because I had an argument in the room and I came out to sleep here or anything of that nature. He did say he came from Mooretown Road. So even though it's his testimony – and I understand you can't be convicted on your testimony alone, but it's also corroborated by the circumstances and the location.

The court denied the motion to strike and found McMillan guilty of driving with a revoked license.

## II. ANALYSIS

McMillan argues that the evidence was insufficient to convict him of driving with a revoked license. His entire argument on brief, aside from his recitation of the standard of review, is four sentences long:

> It is against this standard that the Appellant, Gregory Lynn McMillan argues that the trial court erred in finding the evidence sufficient to find him guilty of driving after forfeiture of license, 3rd or subsequent offense within 10 years, in violation of §18.2-272 of the Code of Virginia. Reynolds v. Commonwealth, 30 Va. App. 153, 515 S.E.2d 808 (1999). Appellant argues that there was no evidence before the Court that he drove on the highway with his vehicle. This was a circumstantial case and the trial court did not exclude every reasonable hypothesis of innocence as to how the Appellant came to be in a vehicle in a private hotel parking lot. The Appellant could have been towed there or another person could have driven the vehicle to that location. Coleman v. Commonwealth, 226 Va. 31, 307 S.E.2d 864 (1983).

Appellant's Br. at 3.

"Rule 5A:20(e) requires that an appellant's opening brief contain 'the principles of law, the argument, and the authorities relating to each question presented.' Unsupported assertions of error 'do not merit appellate consideration.'" Bartley v. Commonwealth, 67 Va. App. 740, 744 (2017) (alteration omitted) (quoting Jones v. Commonwealth, 51 Va. App. 730, 734 (2008)).

McMillan cites—without explanation or pinpoint cites—two cases in support of his sufficiency argument, but neither is persuasive. In <u>Reynolds</u>, a panel of this Court affirmed the appellant's conviction for driving in violation of his restricted license. <u>Reynolds</u>, 30 Va. App. at 164. The appellant admitted at trial that he was under a restriction to drive only to and from his workplace. <u>Id.</u> at 163. When stopped by the officer, the appellant claimed he was driving for "civic work." <u>Id.</u> The terms of his restricted license did not permit him to drive for "civic work." <u>Id.</u> at 164.

In <u>Coleman</u>, a rape and capital murder case, the Supreme Court of Virginia assessed the sufficiency of the evidence to support the appellant's convictions, in addition to five other assignments of error. <u>Coleman</u>, 226 Va. 31. It concluded that the evidence, though circumstantial, was sufficient. <u>Id.</u> at 53.

McMillan has failed to demonstrate on appeal how these two cases support his argument. In fact, he offers no meaningful factual or legal support to explain why the trial court erred in failing to exclude his "reasonable hypothesis of innocence" that he "could have been towed" to the parking lot or dropped off by someone else. His lack of explanation and argument is fatal to his assignment of error.

> "At the risk of stating the obvious, the Rules of the Supreme Court are rules and not suggestions; we expect litigants before this Court to abide by them." If [appellant] believed that the trial court erred, Rule 5A:20(e) required [him] "to present that error to us with legal authority to support [appellant's] contention." Simply put, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." [Appellant's] failure to provide legal argument and authority as required by Rule 5A:20(e) leaves us without a legal prism through which to view [his] alleged error and, therefore, is significant; accordingly, we deem [his undeveloped argument] waived.

<u>Coward v. Wellmont Health Systems</u>, 295 Va. 351, 367 (2018) (first, third, fourth, and fifth alterations in original) (quoting <u>Bartley</u>, 67 Va. App. at 746). "To ignore such a rule by addressing the case on the merits would require this [C]ourt to be an advocate for, as well as the judge of the correctness of, [appellant's] position on the issues he raises." <u>Jones v. Commonwealth</u>, 51 Va. App. 730, 734-35 (2008) (second alteration in original) (quoting <u>People v. Trimble</u>, 537 N.E.2d 363, 364 (Ill. 1989)), <u>aff'd in part, vacated in part</u>, 279 Va. 52, 60 (2010). This we decline to do. Accordingly, having concluded that the appellant's failure to comply with the Rules is significant, we will not address the merits of his sufficiency argument.

### III. CONCLUSION

Because we conclude that McMillan's sole assignment of error is waived under Rule 5A:20(e), we affirm his conviction.

<u>Affirmed.</u>