COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Judges O'Brien, AtLee and Malveaux
Argued at Norfolk, Virginia


DEMARCO JOHNSON

MEMORANDUM OPINION[*] BY
v.        Record No. 1208-22-1              JUDGE MARY BENNETT MALVEAUX
DECEMBER 5, 2023

CHECKERED FLAG STORE #3, LLC


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
James C. Lewis, Judge

Lenard Myers, II (Fortress Proprietas, P.C., on brief), for appellant.

Morris H. Fine (Fine, Fine, Legum & McCracken, LLP, on brief),
for appellee.


Demarco Johnson appeals the circuit court's judgment granting Checkered Flag Store #3,

LLC's ("Checkered Flag") motion to dismiss. Johnson argues that the circuit court erred in

dismissing his claim asserting the unauthorized use of his name because that claim was not barred

under the applicable statute of limitations and Checkered Flag had not filed any pleadings

responsive to it. Johnson also contends that the circuit court erred in not explaining the basis for its

ruling. Finding no error, we affirm the judgment below.

I.  BACKGROUND

This case stems from Johnson's purchase, with his wife, of a used white 2012 Porsche

Panamera sedan from Checkered Flag in late February 2016. In 2022, Johnson filed a complaint

against Checkered Flag containing four counts: (I) cancellation or equitable recission of the

purchase contract for an automobile, (II) breach of contract for vehicle not delivered as promised,

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

(III) breach of contract for down payment made, but no vehicle delivered, and (IV) unauthorized use of Johnson's name in violation of Code § 8.01-40. Johnson's complaint alleged that he and his wife had agreed to purchase a "Certified Pre-Owned" vehicle with no accident history. Johnson further alleged that while he was to be a co-borrower, his wife, who had significantly higher income, was to finance the purchase in her name and take responsibility for servicing the loan to improve her creditworthiness. Johnson alleged that, within a few days of the purchase, a Checkered Flag employee asked him to return to the dealership without his wife to complete additional paperwork. The paperwork listed Johnson as the sole applicant and attributed his wife's substantially greater income to him. According to Johnson, Checkered Flag deceived him into signing the new documents by hiding portions of them, thus tricking him into buying the car that he could not afford and "dup[ing]" the lender into loaning him money that he could not repay. Johnson also claimed that Checkered Flag lied to him and his wife when its employees assured them that the vehicle was accident-free, alleging that a subsequent report showed that the vehicle had been previously damaged in an accident. Johnson sought $152,714.42 in compensatory damages and $1,530,000 in punitive damages, as well as other relief.

Checkered Flag filed an answer, a plea in bar on the statute of limitations, a motion for sanctions, and a request for admissions. Checkered Flag subsequently moved to dismiss Johnson's complaint based on its plea in bar concerning the statute of limitations and because Johnson failed to respond to the request for admissions. On July 5, 2022, the circuit court heard arguments on the motion and subsequently entered an order dismissing Johnson's claim with prejudice. Johnson timely appealed.

## II. ANALYSIS

On appeal, Johnson presents two assignments of error. We do not address either on appeal, finding both procedurally barred.

First, Johnson argues that the circuit court erred when it dismissed Count IV of his complaint, which alleged a violation of Code § 8.01-40. He argues that Count IV was not barred by any statute of limitations and was not impacted by the fact that Checkered Flag's requests for admissions were deemed admitted. He further argues that Checkered Flag neither demurred to Count IV nor filed any defensive pleading related to it. However, in his amended opening brief, Johnson failed to provide any argument or any legal authority to support this assignment of error. Rule 5A:20(e) requires that the opening brief include "the argument (including principles of law and authorities) relating to each assignment of error." "As we have often said, '[l]ack of an adequate argument on brief in support of an assignment of error constitutes a waiver of that issue.'" *Coward v. Wellmont Health Sys.*, 295 Va. 351, 367 (2018) (quoting *Andrews v. Commonwealth*, 280 Va. 231, 252 (2010)). "[I]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Id.* (quoting *Bartley v. Commonwealth*, 67 Va. App. 740, 746 (2017)). By failing to provide any authority or argument for this assignment of error, Johnson has waived it.[1]

Second, Johnson argues that the circuit court "erred when it refused to provide any explanation as to why the [c]ourt dismissed Count IV." We do not consider this argument because the record contains no timely-filed transcript or written statement of facts in lieu of a transcript of the July 5, 2022 hearing on Checkered Flag's motion to dismiss. "When the appellant fails to

---

[1] Even if we addressed the merits of Johnson's assignment of error, we would conclude that it is without merit. The Supreme Court of Virginia has recognized that "Code § 8.01-40 is a statutory codification of one of the four common law torts of invasion of privacy." *WJLA-TV v. Levin*, 264 Va. 140, 160 (2002). Specifically, the statute provides redress for the "misappropriation of plaintiff's name or likeness for commercial purposes." *Id.* at 160 n.5. Here, Johnson does not allege that Checkered Flag used his name for commercial purposes. The misconduct he alleges sound in the tort of fraud, not invasion of privacy. Thus, Johnson's Count IV, concerning the allegedly fraudulent loan documents, failed to state a claim upon which relief could be granted under Code § 8.01-40.

ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii). "The burden is upon the appellant to provide [the appellate court] with a record which substantiates the claim of error. In the absence [of a sufficient record], we will not consider the point." *Dixon v. Dixon*, 71 Va. App. 709, 716 (2020) (alterations in original) (quoting *Robinson v. Robinson*, 50 Va. App. 189, 197 (2007)). Johnson claims that the circuit court erred by not providing an explanation as to why it dismissed Count IV of his complaint. We cannot consider this argument without reviewing the transcript of the hearing on the motion to dismiss. The court could have explained its rationale, or a reason for not outlining its decision, during that hearing. By failing to provide a transcript or written statement of facts, Johnson has deprived us of the opportunity to evaluate his argument that the court failed to explain its rationale as to the dismissal of Count IV. An "appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief. . . . We may act only upon facts contained in the record." *Browning v. Browning*, 68 Va. App. 19, 26-27 (2017) (alteration in original) (quoting *Smith v. Commonwealth*, 16 Va. App. 630, 635 (1993)). Accordingly, we find that Johnson has also waived his second assignment of error.

### III. CONCLUSION

For the reasons set forth above, the judgment of the court below dismissing Johnson's claim is affirmed.[2]

*Affirmed.*

---

[2] Checkered Flag requests that sanctions be imposed against Johnson in the form of attorney fees. *See* Code § 8.01-271.1. We conclude sanctions are not appropriate in this case and thus deny the motion.