COURT OF APPEALS OF VIRGINIA

<div style="writing-mode: vertical">UNPUBLISHED</div>

Present: Judges Athey, Fulton and Lorish
Argued at Fairfax, Virginia


SHABNAM SACHDEVA

v.      Record No. 1402-24-4

KUMAR SANGARAN                                    MEMORANDUM OPINION* BY
                                                  JUDGE JUNIUS P. FULTON, III
SHABNAM SACHDEVA                                  DECEMBER 30, 2025

v.      Record No. 1874-24-4

KUMAR SANGARAN


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
James P. Fisher, Judge

Fred M. Rejali for appellant.

Ryan Probasco (Pikrallidas & Probasco, on brief), for appellee.


These matters stem from divorce proceedings between Shabnam Sachdeva ("wife") and

Kumar Sangaran ("husband"). After agreeing to arbitrate all matters pertaining to equitable

distribution, wife objected to the trial court's confirmation of the arbitration award and requested

that the award be modified. The trial court denied wife's request, confirmed the award, and

entered a final order of divorce. In her assignments of error, wife argues that the trial court erred

by confirming the arbitration award without a substantive hearing instead of modifying it

pursuant to Code § 8.01-581.011; wife asserts that modification was necessary because the

arbitrator exceeded the authority given to him. Finding that the arbitrator acted appropriately

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

and that wife had no right to a substantive hearing, we affirm the decision of the trial court confirming the arbitration award.

## I. BACKGROUND[1]

Husband and wife have been engaged in prolonged divorce litigation lasting over a decade, with husband having filed his complaint in June 2013. For the purposes of this appeal, we recount only the history most relevant to the matter before us.

In October 2016, the trial court appointed Benjamin Leigh as commissioner in chancery with "respect to all assets subject to equitable distribution," simultaneously enjoining husband and wife from "dissipating" any marital assets. The trial court subsequently entered a decree of reference in November 2016 ordering the commissioner to "take, state, and report to the Court" upon matters concerning waste and dissipation. In February 2017, the commissioner filed his report with the trial court. Importantly for this appeal, the commissioner found that wife spent $40,029.27 on legal fees for an unrelated matter in California and determined that the payment of those legal fees constituted waste.

In November 2017, the parties reached a partial marital settlement agreement ("PMSA") after mediation. The PMSA valued and divided marital property, including multiple bank accounts titled in wife's name. Importantly for this appeal, a particular Capital One account ("Account 9733") with a balance of $189,103 as of August 2017 was determined to be marital property and divided evenly between the parties. While other bank accounts had provisions for assessing changes in their value prior to their division date, Account 9733 did not have such a provision.

---

[1] "When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." *Congdon v. Congdon*, 40 Va. App. 255, 258 (2003).

In December 2017, the parties signed an agreement to arbitrate "[a]ll remaining claims pertaining to the equitable distribution of the parties' property and attorney fees." The Honorable Stanley P. Klein was appointed arbitrator.[2] In December 2018, wife filed a motion to stay the arbitration, arguing that husband had repudiated the agreement to arbitrate. Husband appealed the trial court's grant of wife's motion, and a panel of this Court reversed the trial court and remanded for further proceedings. *Sangaran v. Sachdeva*, 72 Va. App. 218 (2020). In May 2021, the trial court entered an order compelling the parties to proceed with arbitration. It is in this context that the proceedings leading to these appeals arose.

In August 2022, the parties spent multiple days presenting evidence to the arbitrator regarding the equitable distribution of their property. On July 18, 2023, the arbitrator issued a highly detailed arbitration award. Importantly for this appeal, the award contains three key rulings. First, the arbitrator determined that, unlike other specific accounts, the PMSA had no provision for assessing how Account 9733's value may change over time. Therefore, even though its value had been set in the PMSA, the arbitrator examined Account 9733 to see if there had been any material change because of this existing ambiguity. After concluding that there was not any material change, he mistakenly valued Account 9733 at $198,103 instead of $189,103 as stated in the PMSA. Second, the arbitrator agreed with the commissioner that wife's expenditure of $40,029.27 in unrelated legal fees constituted waste. Third, the arbitrator valued wife's medical practice, which consisted of Total Health Medical Center, Inc. and Mirahan Properties, LLC, at a combined $1.476 million. Ultimately, the total sum of husband's award was $703,310.

---

[2] Judge Klein, a retired Fairfax circuit court judge, was already familiar with the parties and their dispute because he served as mediator and helped facilitate the PMSA.

On July 25, 2023, husband filed a motion seeking to confirm the award and enter final judgment; on October 6, 2023, wife filed a competing motion to correct the award pursuant to Code § 8.01-581.011. Wife made three main arguments why the award should be corrected: (1) the arbitrator misstated the value of Account 9733, (2) the arbitrator improperly endorsed the ruling of the commissioner regarding the $40,029.27 in unrelated legal fees, and (3) the arbitrator improperly valued wife's medical practice. According to wife, these issues resulted in an award for husband that was "unjustifiably inflated."

On March 1, 2024, the trial court entered an order referring husband and wife's competing motions back to the arbitrator pursuant to Code § 8.01-581.08.[3] The arbitrator agreed that he misstated the value of Account 9733 and amended the award accordingly. However, the arbitrator upheld his finding that the $40,029.27 in unrelated legal fees constituted waste and upheld the value of wife's medical practice.

On July 25, 2024, the trial court entered an order confirming the award. Wife filed a motion to reconsider on August 15, 2024, which was denied by the trial court the next day. On October 18, 2024, the trial court entered the final order of divorce.

## II. ANALYSIS

### 1. Wife's Request for a Substantive Hearing

A party before this Court must "list, clearly and concisely and without extraneous argument, the specific errors in the rulings below . . . upon which the party intends to rely." Rule

---

[3]     On application of a party or, if an application to the court is pending under §§ 8.01-581.09, 8.01-581.010 or § 8.01-581.011, on submission to the arbitrators by the court under such conditions as the court may order, the arbitrators may modify or correct the award upon the grounds stated in subdivisions 1 and 3 of § 8.01-581.011, or for the purpose of clarifying the award.

Code § 8.01-581.08.

- 4 -

5A:20(c). "An assignment of error is not a mere procedural hurdle an appellant must clear in order to proceed with the merits of an appeal." *Forest Lakes Cmty. Ass'n v. United Land Corp. of Am.*, 293 Va. 113, 122 (2017). "With the assignment of error, an appellant should lay his finger on the alleged misjudgment of the court below." *Id.* (internal quotations omitted). "Like a well-crafted pleading, assignments of error set analytical boundaries for the arguments on appeal, provide a contextual backdrop for our ultimate ruling, and demark the stare decisis border between holdings and dicta." *Id.* at 123.

Wife presents us three assignments of error that all begin with the following: "The trial court erred, as a matter of law, when it entered an order confirming the arbitration award *without a substantive hearing* instead of modifying the award, pursuant to § 8.01-581.011." (Emphasis added). Each assignment of error then details substantive issues wife has with the award including the value and division of Account 9733, the review of the commissioner's findings, and the valuation of wife's medical practice.

Code § 8.01-581.011 governs arbitration award modification. An individual seeking to modify an award must apply to the trial court within 90 days after delivery of a copy of the award, and the trial court may modify the award if there is an "evident miscalculation of figures . . . [t]he arbitrators have awarded upon a matter not submitted to them . . . [or] [t]he award is imperfect in a matter of form." Code § 8.01-581.011. Importantly, Code § 8.01-581.011 *does not* grant an applicant the right to a substantive hearing before the trial court.[4]

The grant of a substantive hearing would contradict long-standing principles of arbitration in the Commonwealth. The Supreme Court has stated that when "every question of law and fact arising in [a] case [is] left to the arbitrator . . . and the arbitrator, without referring

---

[4] At oral argument, Sachdeva argued that there is a distinction between "substantive" hearings and "evidentiary" hearings. We do not find there to be any distinction between the two in the context of this appeal.

- 5 -

any question to the consideration of the court, makes a general award deciding the questions submitted to him, the award is conclusive." *Morris v. Morris*, 50 Va. 637, 647 (1853). If a trial court holds a substantive hearing to correct an award, it usurps the fact-finding power given to an arbitrator by the arbitrating parties, undermining the entire process. Instead, trial courts should only seek to correct "palpable mistake[s]." *Id.*

Here, wife's assignments of error request that we find the trial court in error *because* the trial court entered an order confirming the arbitration award *without granting her a substantive hearing*. But as we highlighted above, wife had no right to a substantive hearing under Code § 8.01-581.011, and wife does not provide us with any authority for her proposition. "[I]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Bartley v. Commonwealth*, 67 Va. App. 740, 746 (2017) (quoting *Sneed v. Bd. of Pro. Resp. of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010)). Thus, the trial court did not err when it declined to grant wife a hearing she had no right to.[5]

*2. Wife's Substantive Issues with the Award*

"A circuit court's review of an arbitration award is limited to the specific statutory criteria contained in Virginia's Uniform Arbitration Act." *Signal Corp. v. Keane Fed. Sys., Inc.*, 265 Va. 38, 45 (2003). "Therefore, a circuit court's denial of an application to vacate [or modify] an arbitration award under the Act presents a question of statutory interpretation, which we review de novo." *Meuse v. Henry*, 296 Va. 164, 180 (2018). "[T]he party attacking an arbitration award 'bears the burden of proving the invalidity of the award.'" *Bates v. McQueen*, 270 Va. 95, 100 (2005) (quoting *Trustees of Asbury United Methodist Church v. Taylor & Parrish, Inc.*, 249 Va. 144, 153 (1995)).

---

[5] Although we find that wife had no right to a substantive hearing, we address her substantive issues on appeal given the implication that the arbitrator may have acted outside the bounds of his authority.

As a general principle, arbitration awards are meant to be subject to limited review by both trial courts and appellate courts. As the Supreme Court has stated, "neither the circuit court nor this Court may review the merits of the arbitrators' decision." *Signal Corp.*, 265 Va. at 45. "A contrary conclusion would permit a dissatisfied party, who by agreement voluntarily submitted to arbitration, to invoke the jurisdiction of a circuit court in an effort to relitigate the merits of the controversy already decided by the arbitrators." *Id.*

Each of wife's three assignments of error present different substantive issues wife has with the award that she believes necessitated modification. We address them in order.

### a. Value of Account 9733

Wife's first assignment of error argues that the arbitrator failed to "acknowledge the prior division of [Account 9733] and improperly reconstitute[d] these fund[s] thus exceeding his powers." Wife states that the PMSA "reserved jurisdiction for arbitration as to the value of [Account 9733], if there was a change in marital value." According to wife, this means Account 9733 was "not subject to arbitration as to the value or anything else."[6] However, wife concedes that when husband and wife's competing motions were referred to the arbitrator by the trial court, the arbitrator "did change the value of [Account 9733] to the correct amount."

"Generally, a case is moot and must be dismissed when the controversy that existed between litigants has ceased to exist." *Va. Broad. Corp. v. Commonwealth*, 286 Va. 239, 247 (2013). "Whenever it appears . . . that there is no actual controversy between the litigants . . . it is the duty of every judicial tribunal not to proceed to the formal determination of the apparent controversy, but to dismiss the case." *Id.* at 247-48 (alterations in original) (quoting *E.C. v. Va.*

---

[6] Wife's argument that the trial court should have modified the award pursuant to Code § 8.01-581.011(2) (permitting modification when an arbitrator awarded upon a matter not submitted to them) was not raised below and is thus waived. Rule 5A:18. However, even if the argument had been preserved, it would not survive for the reasons stated herein.

*Dep't of Juvenile Justice*, 283 Va. 522, 530 (2012)).  Here, wife concedes that the arbitrator "change[d] the value of [Account 9733] to the correct amount."  By conceding that the value of Account 9733 is now correct, wife implicitly states that there is no more controversy with regard to this issue.  Therefore, the issue is moot and no longer ripe for adjudication.

### b.  Commissioner's Determination of Waste

Wife's second assignment of error argues that the arbitrator "decided matters pertaining to the rulings by the [commissioner] . . . and these matters were not included in the [agreement to arbitrate]."  Wife notes that the commissioner was tasked to "take, state, and report to the Court" any waste of marital assets.  Wife argues that this language, as well as the language of Code § 8.01-610,[7] means that only *the trial court* had authority to review matters of marital waste, not the arbitrator.  We disagree.

Here, husband and wife expressly contracted to arbitrate "[a]ll remaining claims pertaining to the equitable distribution of the parties' property and attorney fees."  By submitting all such claims (which necessarily includes those concerning waste) to the arbitrator, husband and wife substituted him in place of the trial court, rendering the merits of his decision final absent some "palpable mistake."  *See Morris*, 50 Va. at 647; *Signal Corp.*, 265 Va. at 45.  Acting as the "court," the record demonstrates that the arbitrator reviewed the findings of the commissioner, afforded them great weight, and confirmed the finding that wife's $40,029.27 expenditure on unrelated legal fees constituted waste.  Thus, the arbitrator acted properly within the context of both the decree of reference and Code § 8.01-610.

---

[7] "The report of a commissioner in chancery shall not have the weight given to the verdict of a jury on conflicting evidence, but *the court* shall confirm or reject such report in whole or in part, according to the view which it entertains of the law and the evidence."  Code § 8.01-610 (emphasis added).

### c. Value of Wife's Medical Practice

Wife's third assignment of error argues that the award "contains obvious numerical miscalculations as to the value of [wife's medical practice]," specifically with regard to Total Health Medical Center and its loan balance. Wife asserts that the arbitrator added value to Total Health Medical Center, "without reciprocal diminution in value of Mirahan regarding rents owed between the two entities." The crux of wife's argument boils down to the arbitrator's substantive decision to disregard much of the testimony of wife's expert witnesses regarding the value of her medical practice. According to wife, this was a "blatant and evident miscalculation of figures under § 8.01-581.011(1) of the Code." We disagree.

An arbitration award may be modified where, "[t]here was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award." Code § 8.01-581.011(1). This language in the Virginia Uniform Arbitration Act closely mirrors that of the Federal Arbitration Act, and thus we look to federal courts for assistance in interpreting its provisions. *See Garofalo v. Di Vincenzo*, 83 Va. App. 118, 126 (2024). When interpreting whether there has been an "evident miscalculation" of figures, the Fourth Circuit has held that there must be some form of mathematical error on the face of the arbitration award. *See Apex Plumbing Supply v. U.S. Supply Co.*, 142 F.3d 188, 194 (4th Cir. 1998). Applying that interpretation here, we see no such mathematical error made by the arbitrator.

In his response to the trial court referring husband and wife's competing motions, the arbitrator stated, with regard to the value of wife's medical practice, that he "found [wife's] expert's methodology [for valuing wife's medical practice] less than credible . . . and also found [wife] far less than credible on the financial issues in this case." This evidences a substantive disagreement between wife and the arbitrator as to how to value wife's medical practice,

specifically with regard to any reciprocal diminution in the value of Mirahan Properties, not some mathematical error the arbitrator made in assessing value.

When wife agreed to arbitrate, she agreed to place the arbitrator in the role of fact-finder and limited the role of the trial court in reviewing his findings of fact. *See Signal Corp.*, 265 Va. at 45. Wife is certainly permitted to disagree with how the arbitrator reached his conclusion when valuing her medical practice. However, she is not permitted to have the trial court substitute the arbitrator's fact-finding and conclusions—conclusions made based on his views of the credibility of witnesses, the weight of the evidence, and binding Virginia law—with its own. *Id.* Ultimately, the arbitrator did not make an "evident miscalculation" as considered by Code § 8.01-581.011(1) and properly considered all the evidence before him when valuing wife's medical practice.

## III. CONCLUSION

Ultimately, the arbitrator acted with the utmost care when issuing the award. He appropriately corrected the value of Account 9733 when the matter was brought before him, acted within his authority in agreeing with the commissioner regarding waste, and weighed all relevant evidence when valuing wife's medical practice. Accordingly, the trial court did not err when it confirmed the award without a substantive hearing, instead of modifying the award pursuant to Code § 8.01-581.011.

*Affirmed.*