UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, Malveaux and Frucci
Argued at Norfolk, Virginia


JOAN ALTIZER, F/K/A
   JOAN KEYSER

                                                MEMORANDUM OPINION* BY
v.        Record No. 0358-25-1               JUDGE MARY BENNETT MALVEAUX
                                                MARCH 17, 2026
WILLIAM CURTIS BULL, JR., ET AL.


FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG AND
COUNTY OF JAMES CITY
Joshua P. DeFord, Judge

John Dooley (Holcomb Law, PC, on briefs), for appellant.

Adam B. Pratt (Kaufman & Canoles, P.C., on brief), for appellees.


Joan Altizer appeals from a final order of the circuit court granting summary judgment to

William Curtis Bull, Jr., Diane Meadows, and Barbara Richardson (collectively, "the siblings")

upon a finding that a 2008 warranty deed was a valid deed conveying real property to the

siblings as trustees of a trust.  Altizer contends the circuit court erred in finding that the deed

"was a valid transfer."  For the following reasons, we affirm the circuit court.

## I.  BACKGROUND

This appeal arises from a dispute over a family-owned parcel of real property in James

City County.  In September 2002, the then-owners of the property, spouses William C. Bull and

Rose M. Bull ("Rose"), conveyed the property to Rose and Joan Keyser, n/k/a Joan Altizer, as

joint tenants with right of survivorship.  Altizer is Rose's daughter; Rose's other children, the

siblings, were not parties to this transaction.

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

In a letter to Rose on May 6, 2008, Rose's attorney stated his understanding that "you want to proceed to convey your one half interest in the real estate to your three [other] children"—the siblings—"as trustees to 'break' the survivorship." Rose's attorney then outlined the terms of the trust, including that Rose would be the sole beneficiary during her lifetime and the trust would remain solely for her benefit until she specified otherwise. The body of the letter concluded by stating that a draft deed was attached "conveying the interest to your children upon this trust" and requesting that Rose "stop by my office at your earliest convenience to sign the deed and a copy of this letter." At the bottom of the letter, below the attorney's signature, the following statement appeared:

> Please draft a deed to convey my interest in the parcel containing 39.7 acres, more or less, in James City County, Virginia to be held in trust on the terms described in this letter. I designate Barbara Richardson, Diane Meadows and William Curtis Bull, Jr. as Trustees.

On June 6, 2008, Rose signed the above-described statement. That same day, Rose executed a warranty deed conveying her undivided one-half interest in the property. The deed specified that the grantees of Rose's interest were the siblings— "Barbara Richardson, Trustee, Diane Meadows, Trustee, and William Curtis Bull, Jr., Trustee (collectively, 'Trustees')." The legal description of the property attached to the deed was identical in all relevant particulars to the legal description of the property conveyed to Rose and Altizer in the September 2002 deed.

Rose died on February 16, 2022, and Altizer claimed exclusive ownership of the property. The siblings, as trustees, filed a complaint for declaratory judgment seeking a determination of ownership interests.[1] Altizer and the siblings subsequently filed cross-motions for summary judgment.

---

[1] Altizer then filed a demurrer and a motion craving oyer but later withdrew those pleadings.

The circuit court conducted a hearing on the parties' cross-motions. At the hearing, Altizer acknowledged that the June 6, 2008 letter statement signed by Rose created a trust. But she disputed whether the warranty deed executed by Rose on the same date was an "effective" transfer of the property to that trust. She contended that trustees are "representative[s] of a trust" and that because "in this particular case there's no trust identified" by name in the deed—only individual trustees—it was not possible to determine the "particular entity" to whom the property was conveyed. Stated differently, Altizer argued that "if we don't identify the trust[], who are these people acting on behalf of? . . . [T]he trust is not identified. It's as simple as that." When the circuit court noted that "when the deed is read in conjunction with the letter, things become clearer," Altizer responded, "it still doesn't identify who it is for. I mean, it could have been for Rose Bull, trustee for Rose Bull Trust, trustee for Rose Bull Trust created the . . . whatever. That's usually what you have."

The circuit court stated to Altizer, "I get your point that . . . the trust is not specifically named or identified, but the trustees are," and noted that "the trustee's [sic] authority is defined by the trust document, which in this case is Exhibit 2" of the parties' stipulation of facts. It thus held that "the legal grantees[] are named"—the siblings, who were "serving as trustee[s]"—"it's just their authority is defined in this other document, as it would be in any trust." Ultimately, the circuit court held that "[t]here was a trust created, that -- that is stipulated. It's clear that the trustees who were created by -- who are referenced in that trust are the grantees in the 2008 deed. It's granted to them as trustees. It's also clear that the subsequent transfer was intended." Accordingly, the circuit court held that the deed to the trustees was "valid."

The circuit court subsequently entered an order stating that the June 6, 2008 deed was "a valid deed which successfully conveyed Rose Bull's interest in the Subject Property to the

[siblings] as trustees of her trust," denying Altizer's motion for summary judgment, and granting the siblings' motion for summary judgment.

This appeal followed.

## II. ANALYSIS

Altizer argues that the circuit court erred in finding "that the 2008 [d]eed . . . was a valid transfer" of the property. Specifically, she contends that the deed was "fatally flawed" and "invalid" because it "fail[ed] to identify the [t]rust to which the property was to be conveyed."[2]

"[W]e review a circuit court's grant of summary judgment de novo." *Atl. Korean Am. Presbytery v. Shalom Presbyterian Church of Wash., Inc.*, 84 Va. App. 1, 19 (2025). "In doing so, we apply 'the same standard a trial court must adopt in reviewing a motion for summary judgment, accepting as true those inferences from the facts that are most favorable to the nonmoving party, unless the inferences are forced, strained, or contrary to reason.'" *Id.* (quoting *Smith Dev., Inc. v. Conway*, 79 Va. App. 360, 372 (2024)).

Here, the record supports the circuit court's finding that while the trust was "not specifically named or identified" in the 2008 warranty deed executed by Rose, that deed did identify the grantees as "trustees" and that it was "clear" these trustees were identical to the trustees "created by . . . that trust." The trust creation document acknowledged by Altizer designated the same three trustees—William Curtis Bull, Jr., Diane Meadows, and Barbara Richardson—who were specified in the 2008 deed as grantees in their capacities as trustees. The trust was created by Rose, who was the grantor named in the deed, on the same day Rose executed the deed, and the trust specified as its *res* a parcel in the same county and with the same

---

[2] During oral argument before this Court, counsel for Altizer was asked if he was "not [making] a challenge in reference to the validity of the trust." He replied, "[c]orrect," and made clear that the "very nuanced issue" of whether the trust needed to be named in the deed in order to effectuate a property transfer was "literally the only thing" Altizer was contesting.

acreage as the parcel conveyed by the deed. And lastly, the sole purpose of the trust, as outlined in the trust creation document, was to hold that property for the benefit of Rose. Based on this record, the circuit court did not err in finding that the trust to which the property was to be conveyed was sufficiently identified.[3]

Based on its analysis, the circuit court also found that the 2008 deed to the grantee trustees constituted "a valid deed which successfully conveyed Rose Bull's interest in the Subject Property to the [siblings] as trustees of her trust." This conclusion is also amply supported by the record, for the same reasons noted above. And we further note that although Altizer challenges the validity of the transfer of the property to the trust, she has not challenged the circuit court's finding that "the legal grantees . . . named" in the 2008 deed were trustees William Curtis Bull, Jr., Diane Meadows, and Barbara Richardson—the siblings. Since those grantees were "serving as trustee[s]," and were both identifiable as, and identical to, the trustees of the trust, the circuit court did not err in finding that the 2008 deed was a "valid" conveyance to the trust.

Altizer relies on a single case, *Austin v. City of Alexandria*, 265 Va. 89 (2003), to support her argument that the 2008 deed was "fatally flawed" and "invalid." She contends that *Austin* is "informative" because "it highlights the importance of naming specific Trusts" in conveyance documents. But *Austin* does nothing of the sort. Rather, the issue in *Austin* was whether the putative grantor, who was both the trustee and sole beneficiary of a living trust, could convey

---

[3] The circuit court reached this conclusion, in part, by reading the deed "in conjunction with the letter" establishing the trust. "It is true that, technically speaking, deeds of bargain and sale, release deeds and deeds of trust (and the notes secured thereby) are 'contracts.' But they are not contracts ordinarily incident to the business of a realtor. They are extraordinary contracts and are muniments of title to real estate." *Commonwealth v. Jones & Robins, Inc.*, 186 Va. 30, 35-36 (1947). To the extent that the 2008 warranty deed was arguably in the nature of a contract, Altizer neither objected below, nor here assigns error, to the circuit court's reading of an extrinsic document in conjunction with the deed to construe the deed's terms. Altizer therefore has waived any such issue. *See* Rule 5A:18.

title to the property to a unitrust without first complying with trust revocation and title reversion requirements contained within the prior deed. 265 Va. at 95-96. Accordingly, *Austin* is inapposite and fails to support Altizer's argument.[4]

Under the particular facts of this case that were stipulated by the parties, we conclude the circuit court did not err as alleged by Altizer. It was therefore proper for the circuit court to deny Altizer's motion for summary judgment and enter summary judgment in favor of the siblings.

### III. CONCLUSION

For the foregoing reasons, we affirm the circuit court.

*Affirmed.*

---

[4] In a single sentence of her brief, Altizer additionally argues that "[t]he deed did not comply with the statutory form for deeds, nor did it satisfy recording requirements for documents pertaining to interest in real property in Virginia, as required in the Code of Virginia Sect. 55.1-300, 17.1-223 et seq." But she makes no specific argument on brief as to how, exactly, the 2008 deed "did not comply with the statutory form for deeds" provided by Code § 55.1-300, offering only her more generalized argument that the deed did not identify a trust by name. "Rule 5A:20(e) requires that an appellant's opening brief contain '[t]he principles of law, the argument, and the authorities relating to each question presented.' Unsupported assertions of error 'do not merit appellate consideration.'" *Bartley v. Commonwealth*, 67 Va. App. 740, 744 (2017) (alteration in original) (quoting *Jones v. Commonwealth*, 51 Va. App. 730, 734 (2008)). "We require adherence to this Rule because '[a] court of review is entitled to have the issues clearly defined . . . . The appellate court is not a depository in which the appellant may dump the burden of argument and research.'" *Kirdassi v. White*, 84 Va. App. 260, 304 (2025) (first alteration in original) (quoting *Bartley*, 67 Va. App. at 744). Because Altizer does not specifically argue how the 2008 deed failed to comply with the statutory requirements of Code § 55.1-300, she has waived this statutory compliance argument.

And Altizer's argument that the 2008 deed failed to "satisfy recording requirements" for deeds is likewise waived by operation of Rule 5A:20(e). Altizer cites as authority for this proposition Code § "17.1-223 et. seq.," thus citing to an entire article of chapter 2 of that Title comprising 33 separate and distinct statutory provisions. In addition to the waiver principles articulated above, we further note, in holding Altizer's recordation argument waived, that "[t]he appellate courts of this Commonwealth 'are not unlit rooms where attorneys may wander blindly about, hoping to stumble upon a reversible error.'" *Coe v. Coe*, 66 Va. App. 457, 470 (2016) (quoting *Fadness v. Fadness*, 52 Va. App. 833, 851 (2008)). This "'throw everything at the wall and hope something sticks' approach to appellate advocacy . . . 'is as unappreciated as it is ineffective.'" *Id.* (quoting *Fadness*, 52 Va. App. at 850-51).